**595** *HUGH GELSTON and William Reese v. JOHN A. THOMPSON.

*Decided December 18th, 1868.*

MORTGAGES ; ASSIGNMENT BY MORTGAGOR ; RIGHTS OF ASSIGNEE, AS TO RENTS AND PROFITS, AND RIGHT TO REDEEM. RENTS ; JURISDICTION IN EQUITY ; *laches* AND LIMITATIONS ; COMMISSIONS. COURT OF COMMON PLEAS ; JURISDICTION.

G. and R. purchased in February, 1858, certain leasehold property at a sheriff's sale, made by virtue of a writ of *levari facias,* issued out of the Court of Common Pleas, on a judgment to enforce a mechanics' lien, and entered into possession shortly thereafter. Subsequently they became the assignees of the mortgagee of the same property. Upon a bill filed in October, 1865, against G. and R., by the assignee of the mortgagor, claiming the right to redeem and an account of rents and profits. *Held:*

The sale was inoperative and void, the Court of Common Pleas having no jurisdiction in cases of mechanics' lien.                    p. 599

The legal estate being in the assignees of the mortgagee, the assignee of the mortgagor could not have recovered rents and profits by an action at law, and a Court of Equity which recognizes rents and profits as incidents *de jure* of the right of redemption, was therefore the proper forum to administer relief.                    p. 600

While as between mortgagor and mortgagee, upon a bill to redeem by the former, he must pay not only the mortgage debt, but all other debts due from him to the mortgagee; but this equity does not extend to an assignee of the mortgagor. *(a)*                    p. 601

The assignee of the mortgagor was not barred by lapse of time and limitations from recovering beyond the three years immediately preceding the filing of the bill.                    p. 600

That the assignees of the mortgagee should not be allowed the pur-

---

*(a)* See *Booth v. Balto. Steam Packet Co.,* 63 Md. 39, holding that as between the mortgagor and mortgagee, upon the distribution of the proceeds of sale of the mortgaged property, the mortgagee was entitled to set off against the balance due after paying the mortgage debt, any unsecured indebtedness of the mortgagor; but where there is a surplus, the creditors of the mortgagor may come in by petition and assert their claim to it; *Darby v. Rouse,* 75 Md. 26; in which case, however, the mortgagor may assert his right to the $100.00 exemption provided by statute.

chase money paid at the sheriff's sale, nor the debt due to one of them by the mortgagor.                                           pp. 600-601

That the assignee of the mortgagee who collected the rents arising from the property, was not entitled to claim commissions for collecting the same.   (*b*)                                                p. 601

Appeal from the Superior Court of Baltimore City, in Equity.

The bill in this case was filed on the 2nd of October, 1865, by the appellee.   Henry G. Willis, being the lessee for ninety-*nine years, renewable forever, of a lot of ground at **596** the corner of Walsh and Greenwillow streets, in the City of Baltimore, assigned the same to Richard F. Gardner.   On the 14th of September, 1855, Willis executed a mortgage of his interest to Charles Myers, to secure the sum of $450.   On the 16th of May, 1857, Gardner assigned his interest in the property to the appellee.   On the 15th of February, 1858, the Sheriff of Baltimore City, under a writ of *levari facias,* issued out of the Court of Common Pleas on a judgment to enforce a mechanics' lien, sold the lot to the appellants for $130, and on the 22nd of the same month, delivered to them a duly executed deed of conveyance; and on the 4th of March, following, they entered into possession of the property.   On the 11th of October, 1858, Myers, assigned his mortgage to the appellants for $467.37. The bill prayed for an account and discovery of the rents and profits received by the appellants, and that they might show what sum, if any, was yet due upon the mortgage assigned to them, and also claimed the right to redeem.   The appellants answered relying on the deed of the Sheriff to them, denying the jurisdiction of the court as a Court of Equity, and pleading limitations and lapse of time.   After a general replication, proof was taken under a commission.   The appellants, at witnesses, proved their possession, the purchase and assignment of the mortgage, and their receipt of rents, and that they held under both the Sheriff's deed and the assigned mortgage.    Reese proved that he received all the rent himself, and accounted to Gelston for his part.   The appellee's title as assignee of the mortgagor, and the appellants' title as assignees of the mortgagee, were respectively made out.   At the time of the institu-

---

(*b*)   But the mortgagee in possession may be allowed a reasonable sum for the custody of the property; *Dircks v. Humbird,* 54 Md. 399.

tion of this suit, the appellant, Gelston, had a lien for materials furnished for the building of the house erected on the lot in question, amounting to $90.32, to enforce which, proceedings had been instituted in the Superior Court of Baltimore City.

On the 13th of October, 1866, the court (Martin, J.,) passed an order referring the case to the auditor, and instructing **597** *him to state an account of the rents and profits received by the appellants, and also the amount of the mortgage debt and interest from the proof in the cause, or such other proof as the parties might produce, and to state such other accounts as the parties might direct. The auditor accordingly, in obedience to the instructions of the solicitor of the appellee, stated an account, showing the amount of the mortgage debt and interest thereon from the 1st of July, 1856, and the rents received from the property from the 4th of March, 1858, as between mortgagor and mortgagee. He also stated, in accordance with the instructions of the appellants' counsel, two other accounts—the one showing the amount of rents received by Reese for the three years immediately preceding the date of the filing of the bill, and allowing him ten per cent. commissions for collecting the same and the expenses disbursed by him within that time; and the other, in like manner, showing his receipts and expenses from the date of the filing of the bill to the 4th of September, 1866, and allowing him the like commission upon his receipts. The first account was excepted to by the appellants and the other accounts by the appellee; the exceptions on behalf of the former were overruled and those on behalf of the latter were sustained; and the court, on the 3rd of April, 1867, passed its decree, finally ratifying and confirming the first account with a slight alteration, rejecting the others and sustaining the claim of the appellee to redeem. From this decree the present appeal was taken.

The cause was argued before Bartol, C. J., Nelson, Stewart, Grason, Miller and Robinson, JJ.

*H. R. Dulany* and *George M. Gill,* for the appellants:

The appellants having taken possession of the lot and premises in question, under the Sheriff's deed of the 22nd of Feb-

ruary, 1858, and continued to hold and claim title under the
the same, their possession must be referred to that deed, and
*not to the mortgage subsequently acquired.    And, **598**
consequently, even supposing that deed to be invalid, they were
in the position of parties holding adversely under color of title
as against whom an action at law, and not a proceeding in
equity, was the appropriate remedy.   *Hipp v. Babin,* 19 How.
271 ; Story's Eq. Pl. sec. 476; *Neale v. Hagthorp,* 3 Bland, 561 ;
*Drury v. Conner,* 1 H. & G. 220, 229 ; Lewin on Trusts, 97 Law
Lib. 752, note (1) ; *Blennerhassett v. Day,* 2 Ball. & Beatty, 104.

The appellee was in default in not having appealed from the
Court of Common Pleas in the case in which the *levari facias*
issued ; in standing by and permitting his property to be sold by
the Sheriff without in any way attempting to prevent the same,
or warning the public that the sale was not valid ; and, lastly, in
allowing the appellants to remain over seven years in quiet pos-
session of the property, which he claims, before instituting the
present suit; and being thus so largely in default has debarred
himself from any redress which he might otherwise have had
in equity.   *Brumbaugh v. Schnebly,* 2 Md. 320; *Moore v.
Blake,* 1 Ball & Beatty, 62, 69; 1 Story's Eq. sec. 529.

The appellee having clearly been guilty of laches, the court
below certainly erred in holding that the appellants were liable
for rents and profits beyond the 2nd of October, 1865, the
date of the filing of the bill.   At any rate, they ought not to
have been held responsible for a longer period than the three
years next preceding the commencement of the suit.   Lewin on
Trusts, 751, (97 Law Lib. 751) ; *Strike's Case,* 1 Bland, 57, 73 ;
*West v. Jarrett,* 3 H. & J. 483 ; *Pettiward v. Prescott,* 7 Vesey,
541.

The appellants ought to have been allowed for the purchase
money paid by them for the premises in controversy, the same
having been appropriated to relieve the house from a lien which
existed upon it.

Under the circumstances of the case, Reese was entitled to
the ten per cent. commission which he claimed for the man-
agement of the property, and which was disallowed by the
*auditor and court.   1 Hilliard on Mortg. 451 ; *Water-* **599**
man v. Curtis,* 26 Conn. 248.

*William H. Dawson* and *George H. Williams,* for the appellee:

The Sheriff's deed being a nullity, being under an execution in a case *coram non judice,* the relation of mortgagor and mortgagee existed, and the appellee was entitled to an account and to redeem. *Miller v. Barroll,* 14 Md. 174; *Quarrell v. Beckford,* 1 Mad. Ch. 153.

In such an account limitations was no bar within twenty years. Fisher on Mortgs. 482, (margin) ; *Hertle v. McDonald,* 2 Md. Ch. 133. And no allowance should be made to the appellants for receiving the rents themselves. *Davis v. Dendy,* 3 Mad. Ch. 95. And even if the mortgage deed had expressly stipulated that such an allowance should be made, it would have been only a cloak for usury.

Robinson, J., delivered the opinion of the court.

The bill in this cause was filed by an assignee of the mortgagor, against the assignees of the mortgagee, claiming the equity of redemption and an account for rents and profits. The appellants, in their answer, claim possession under a Sheriff's sale, deny the jurisdiction of a Court of Equity to grant relief in the premises, and rely upon limitations and lapse of time, as a bar to any accountability for rents and profits. The Sheriff's sale under which the appellants' claim was made, by virtue of a writ of *levari facias,* issued out of the Court of Common Pleas for Baltimore City, on a judgment to enforce a mechanics' lien.

In *Miller v. Barroll,* 14 Md. 173, it was decided that the Court of Common Pleas had no jurisdiction in proceedings to enforce a mechanics' lien. The judgment being therefore " *coram non judice,*" the sale by the Sheriff was *inoperative* and *void.*

But it is claimed that the appellants being in possession under *color* of *title,* the remedy of the appellees was by an action at **600** law. *Hipp v. Babin,* 19 *How. 271, and other authorities relied on by the counsel for the appellants, do not sustain this position. They announce the well established principle, that a Court of Equity will not grant relief, where a party has a *plain, adequate* and *complete remedy* at law. But this case does not come within this general rule. The legal estate was in

the assignees of the mortgagee, and a Court of Equity, was the proper forum to administer relief to a mortgagor or his assignee, claiming the equity of redemption and an account of rents and profits. In *Quarrell v. Beckford,* 1 Madd. Ch. 151, the heir-at-law of the mortgagee was in possession under *color* of *title* by virtue of a decree of foreclosure, but it was held that the assignees of the mortgagor, not made parties to the bill, were entitled to the equity of redemption and also to an account of rents and profits. It would be difficult to distinguish in principle this case from the one above referred to. But it was contended, that admitting the right of the appellee to redeem, he is barred by lapse of time and limitations from recovering beyond three years from the filing of the bill. Such may be the law in cases of concurrent jurisdiction at law and in equity, the rule being in such cases, that limitations may be relied on with the same effect in one court as in the other. *Dugan v. Gittings,* 3 Gill, 138. But in *Kane v. Bloodgood,* 7 John. Ch. 121, Chancellor Kent says : " I understand this proposition to mean, that if a party has a legal title and a legal right of action, and instead of bringing his action of account, or detinue, or case for money had and received at law, files his bill for an account, the same period of time that would bar at law will bar in equity." In this case, the legal estate being in the appellants, the assignee of the mortgagor could not have recovered the rents and profits by an action at law ; and it was only in a Court of Equity which recognizes rents and profits as incidents *de jure* of the right of redemption, that he could have obtained relief. It was also urged that the auditor erred in not allowing the appellants the purchase money paid at Sheriff's sale, and the debt due by the *mortgagor to one of the assignees of the mortgagee. **601**
It is true as between mortgagor and mortgagee upon a bill by the former to redeem, he must not only pay the mortgage debt, but all other debts due from him to the mortgagee. *Lee v. Stone,* 5 G. & J. 1. But this equity does not extend to an assignee of the mortgagor. On the contrary, an assignee for a valuable consideration, claiming the equity of redemption, can only be charged with the mortgage debt. 1 Powell on Mort. 360.

The commissions claimed for receiving the rents were properly refused. As a general rule commissions are not allowed to

a mortgagee for receiving rents, and if there be exceptions to this rule, as for instance where the mortgagor is obliged to employ a bailiff to collect them, it is a sufficient answer to say that this case does not come within the exception. Courts of Equity guard with jealous care the rights of mortgagors, and will not permit mortgagees to make a profit out of the estate.

For these reasons the decree must be affirmed.

*Decree affirmed, with costs.*