THE BANK OF COMMERCE *vs.* ELIZABETH R. OWENS.

## Dower.

A husband mortgaged certain real estate, of which he was seized in fee, his wife uniting in the mortgage; subsequently he executed a deed of trust of the same property, without the concurrence of his wife, for the benefit of all his creditors; the property was sold by the trustees, and the proceeds of sale were more than sufficient to pay the mortgage debt. The surplus was claimed by a judgment creditor. The widow claimed dower in the whole proceeds of sale. HELD:

That the widow was entitled to dower in the surplus only.

Where the purchaser of the equity of redemption redeems the property, the widow is only entitled to dower by contributing her proportion of the mortgage debt.

APPEAL from the Superior Court of Baltimore City.

The late Dr. James S. Owens being seized in fee of two farms in Anne Arundel county, executed, with the concurrence of his wife, the present appellee, two mortgages. The first, bearing date the 6th of April, 1863, conveyed one of the farms to Mrs. Henry, to secure a loan of $4000, payable five years after date, and the interest thereon. The other, bearing date the 25th of the same month, conveyed the other farm to the Chesapeake Bank, to secure the payment of his note for the like sum of $4000, and the interest thereon, with privilege of renewal from time to time, for the space of five years. The appellant having recovered judgment against Dr. Owens, in the Superior Court of Baltimore City, for a debt of $7678.38, with interest, issued attachment thereupon from the Circuit Court for Anne Arundel County, which, on the 1st of February, 1866, was levied upon both farms. On the 12th day of February, 1866, Dr. Owens, without the concurrence of the appellee, executed a deed of trust, for the benefit of his creditors, providing, after payment of ex-

penses and commissions, for the payment of all the mortgages and incumbrances on such real estate, according to their legal priority, including among the incumbrances the judgment and attachment of the appellant. The trustees made sale of both the farms; one of which, on the 22d of March, 1866, was bought by the appellee for $7,203.75, and the other, on the 4th of April, 1866, was purchased by Joseph Shepherd for $5,817.00; this last sale was afterwards cancelled by consent, the appellant being substituted as the purchaser. The appellee filed a petition claiming her dower out of the proceeds of sale of both farms. The Bank of Commerce objected to the allowance. The Court (DOBBIN, J.) not only sustained the claim of dower, but allowed it upon the whole net proceeds of sale, and directed the statement of an account by the auditor upon this principle. By the auditor's account thus stated, the balance applicable to the claim of the Bank of Commerce amounted to $1,745.59 only. The Bank excepted, but the Court overruled the exceptions, and finally ratified the auditor's account. From this action of the Court, the Bank appealed.

The cause was argued before BARTOL, C. J., STEWART, ALVEY and ROBINSON, J.

*H. C. Kennard* and *S. Teackle Wallis*, for the appellant.

The Court erred in allowing dower at all, and even if it did not so err, it was wrong in allowing dower out of the whole net proceeds, instead of confining it to the surplus left after paying the two mortgages.

The whole controversy depends altogether upon the proper construction of the 5th section of Art. 45 of the Code, which is taken from the Act of 1818, ch. 193, sec. 10.

Mrs. Owens, after the execution of the mortgages, retained nothing but an inchoate right of dower in an equi-

table estate; by virtue of the attachment of the Bank of Commerce, a lien was fixed upon the estate; by virtue of the deed of trust, her husband parted with such equitable estate altogether, and consequently did not hold it at his death. In this state of facts, there was nothing left under the statute, properly construed, to which her dower could attach. *Hopkins vs. Frey*, 2 *Gill*, 363 ; *Miller vs. Stump*, 3 *Gill*, 310, 311 ; *Purdy vs. Purdy*, 3 *Md. Ch. Dec.*, 547 ; *Lynn vs. Gephart*, 27 *Md.*, 568 ; *Bowie vs. Berry*, 1 *Md. Ch. Dec.*, 454.

If Mrs. Owens were entitled to any dower, it was out of the surplus only, after paying the mortgages, and not out of the whole net proceeds of sale, as against the appellant, a lien creditor. *Mantz vs. Buchanan*, 1 *Md. Ch. Dec.*, 206, 208 ; *Lynn vs. Gephart*, 27 *Md.*, 568, 569.

*William C. Schley* and *William Schley*, for the appellee.

In this case Mrs. Owens does not claim dower under the Act of 1818, ch. 193, sec. 10, (now incorporated in the Code, Art. 45, sec. 5,) but she claims dower by the common law ; and the only question is, as to the effect of the mortgages upon her right.

Neither of the mortgages had become due, at the time of the execution of the deed of trust. The appellee was no party to that deed. The property was sold, not under the mortgages, but under the deed of trust, which covered all the estate of Dr. Owens, and which dedicated his entire property to the payment of his debts, and the purchaser, under such sale by the trustees, would have acquired merely the title conveyed by the deed of trust, if Mrs. Owens had not consented that the property should be sold, clear of her dower, and that she would take of the purchase-money the value of her dower, if it should be established in her favor.

The interest of the wife in the property was conveyed

by her, as security to the mortgagees, and for that purpose only. It would be unjust to give to the transaction, effect and operation beyond the intention of the parties, and the necessity of the case. The debt was the debt of Dr. Owens. The wife's dower interest was charged by her, as supplemental security for his debt. It was his duty to pay it; and, in recognition of that duty, he created a trust, and out of the proceeds of that trust both mortgages have been fully released and discharged.

The inchoate right of dower is an appreciable interest, and is regarded in law as property, and as belonging to the wife. *Unger and wife vs. Price,* 9 *Md.,* 552.

Mrs. Owens is to be regarded, in respect of her inchoate right of dower, as merely *surety* for her husband's debt. *Johns vs. Reardon and wife,* 11 *Md.,* 470; *Parteriche vs. Powlet,* 2 *Atk.,* 384; *Robinson vs. Gee,* 1 *Ves., Sr.,* 252.

A mortgage, in Maryland, is regarded, in equity, as a mere security for money—a *chose in action.* *Timms and wife vs. Shannon,* 19 *Md.,* 314.

The only question is, whether the appellee is entitled to dower, out of the surplus, to the full extent of her right, calculated on the value of the several farms, respectively, or whether it is to be limited to a sum calculated merely on the value of the surplus in each case?

The only case in Maryland in which this precise question arose, was the case of *Mantz vs. Buchanan,* 1 *Md. Ch. Dec.,* 206. There the dower was limited to the surplus. No appeal was taken, and the facts of the case were very unlike the present case. The property was sold under a decree *based on the mortgage,* in which the wife had united. As against the purchaser, therefore, she clearly had no claim of dower. Her dower had been, in fact, assigned to her, and that assignment was defeated by such sale. Here there was no sale under the mortgage, and the appellee was not a party to the deed of trust.

ROBINSON, J., delivered the opinion of the Court.

Two questions arise upon this appeal: First, is the appellee entitled to dower, and secondly, if so, is she dowable in the whole proceeds arising from the sale of the mortgaged premises, or in the surplus only, after the payment of the mortgage debts?

On the part of the appellant it is insisted, that by the execution of the mortgages she parted with her inchoate right of dower in the legal estate, and that by the subsequent assignment of the husband under the deed of trust, her dower was barred in the equitable estate. In other words, it is held that the wife is not entitled to dower in an equitable estate under the provisions of sec. 5 of Art. 45 of the Code, unless it is held by the husband at the time of his death.

We do not understand, however, the cases of *Hopkins et al. vs. Frey*, 2 *Gill*, 363, and *Miller vs. Stump*, 3 *Gill*, 310, to go to this extent.

In the former, it was decided that the widow was not entitled, because the husband parted with the equitable estate prior to the passage of the Act of 1818, ch. 193, under which she claimed.

And in *Miller vs. Stump*, although it was held that she could not recover it as against the purchaser, yet the Court said,

" It may be asked whether she cannot claim in lieu of the one-third of the land, a portion of the surplus. In some cases it may be argued, that the widow is entitled to a portion of the surplus. It is not necessary, however, upon this appeal, to inquire if such be the law of this case. If, indeed, she be entitled to receive anything, she is not to receive it of the purchaser."

Here is a very strong intimation that the widow may be entitled to dower in the surplus. Certainly it cannot be said that the Court decided that she was neither en-

Bank of Commerce *vs.* Owens.

titled to dower in the land, nor in the surplus. The latter was left as an open question.

But in this case, it must be remembered, the husband was seized of a legal title, upon which the wife's inchoate right of dower attached by the common law. And can it be said, that pledging this right to secure her husband's indebtedness, she thereby puts it in his power, or that of his creditor to defeat it altogether? To this view we cannot yield our assent. The husband may assign the equity of redemption, but no act of his could deprive the widow of the right to redeem, to which she is entitled under the common law.

Moreover in this case, it cannot be held that the husband parted with the equitable estate within the supposed meaning of the Court in *Miller vs. Stump.* There was no sale here by him for a money consideration, but the assignment was made to trustees, in order that they might sell and apply the proceeds towards the extinguishment of the very mortgages, in favor of which the wife had pledged her dower right. It was, in fact, but a conversion of the equity of redemption into money, for the benefit of creditors.

Now would it not be a construction equally strange and unjust, to say, that the widow is not entitled to dower in the legal estate, because she parted with it by joining her husband in the execution of the mortgages? nor can she claim it in the equitable estate, because that was conveyed by the husband to trustees to sell, and apply the proceeds to the extinguishment of the mortgages?

So that between the two, the dower is altogether defeated.

It will be observed that we have treated the mortgagee as holding the legal title; for such we understand to be his estate by the common law.

In the case of the *George's Creek Coal & Iron Co.'s Lessee vs. Detmold,* 1 *Md.,* 225, where there was a mortgage

with a covenant, that the mortgagor should remain in possession and receive the rents and profits until forfeiture, it was held that such a covenant operated as a redemise, and that until the breach, the mortgagee could not maintain ejectment against the mortgagor, because to sustain such an action, he must not only have the legal title, but the right of possession.

There is nothing in the decision of this case, that conflicts with the relations of the mortgagor and mortgagee, as they existed at common law.

It is our opinion, therefore, in this case, that the assignment by the husband under the deed of trust, does not defeat the appellee's right of dower.

If this be so, then in what is she to be endowed?—the whole proceeds of sale, or the surplus only?

We have not been able to find any decision in England upon this question, and, in fact, it was not until the Statute of 3 and 4 William IV, ch. 105, that the wife was entitled to dower in an equitable estate.

In this country, however, where the dower right in the equity of redemption is established by judicial decision, or conferred by statutory provision, we find a number of cases directly bearing upon the point.

Without extending this opinion, by an examination of all the authorities, we think it may be said that they fully establish this general principle, that where the wife unites with the husband in a mortgage of real estate belonging to him, and the property is sold under a decree of foreclosure, she is entitled to dower in the surplus only, after the payment of the mortgage.

In support of this, we refer to *Smith vs. Jackson*, 2 *Edws. Ch.*, 28; *Titus vs. Neilson*, 5 *Johns. Ch.*, 452; *Tabele vs. Tabele*, 1 *Johns. Ch.*, 45; *Jennison vs. Hapgood*, 14 *Pick.*, 345; *Hartshorne vs. Hartshorne*, 1 *Green Ch.*, 349; *Hinchman vs. Stiles*, 1 *Stock. Ch.*, 349; *Harrow vs. Johnson*, 3 *Met.*, 578;

*Hawley vs. Bradford,* 9 *Paige,* 201; *Vartie vs. Underwood,* 18 *Barb.,* 561; and *Mantz vs. Buchanan,* 1 *Md. Ch. Dec.,* 206.

We think also the rule is well settled, that where the purchaser of the equity of redemption redeems the property, the widow is only entitled to dower by contributing her proportion of the mortgage debt. In 1 *Scribner on Dower,* 508, it is thus stated: " The rule exacting contribution from the widow, where a person deriving title through the husband has redeemed the lands from a mortgage binding upon her interest, as a condition upon which she will be let into dower, is fully established in numerous decisions in this country."

In *Swaine vs. Perine,* 5 *Johns. Ch.,* 482, the Chancellor said: " The plaintiff was a party to the mortgage to Dunn, and her claim to dower was only in the equity of redemption, or the interest which her husband had remaining in the land after satisfaction of the mortgage. The redemption was for her benefit, so far as respected her dower. To allow her dower in the land without contribution, would be to give her the same right that she would have been entitled to, if there had been no mortgage, or as if she had not duly joined in it."

In this case the husband conveyed to the trustees the equity of redemption, and under the terms of the deed they could sell nothing more. The purchaser took it, subject to the liens and incumbrances then existing—the mortgagees'—the lien of the appellee, a judgment creditor, and the claim of the widow to dower, whatever it might be. If the purchaser redeemed the mortgages, or if they are redeemed by the trustees out of the proceeds of sale, is it not too clear for argument, that the widow could only be let into dower as against him, by contributing her proportion of the mortgage debt? If waiving her dower in the land, she consents to look to the proceeds of sale, how does it change the aspect of the case? The equity of redemption being the only interest which the trustees

could sell, that interest is represented by the surplus after the payment of the mortgages. In that only can she be entitled to dower as against the creditors of the husband.

But it was urged that the wife having pledged her separate estate for the debts of her husband, she is entitled to the ordinary rights and privileges of a surety. This, we admit, is the established law of this State. *Johns vs. Reardon and wife*, 11 *Md.*, 465. But is the inchoate right of dower recognized in law as " the separate estate of the wife?". It certainly does not come by settlement, or gift, or devise, or in course of distribution.

It is recognized as a right of an appreciable interest, and it is not liable for the debts of the husband; yet it is an interest purely contingent; the enjoyment of which depends on her surviving the husband.

In *Hawley vs. Bradford*, 9 *Paige*, 201, this precise point arose in a case where the wife had united with her husband in a mortgage. The Chancellor said:

" I am not aware of any decision, however, in which the principle of suretyship has been applied to a case like the present. And the two cases which came before my learned predecessor, Chancellor Kent, were disposed of upon the supposition, that the wife, who had joined the husband in a mortgage of his estate, was not entitled to have such mortgage satisfied out of the husband's interest exclusively, so as to give her the full benefit of her dower in the whole premises, and not in the equity of redemption. The master was therefore right in supposing that Mrs. Bradford was not entitled to be endowed of the whole proceeds of the mortgaged premises, but only of the surplus which remained after paying the mortgage debt and the costs of foreclosure."

In *Hinchman vs. Stiles*, 1 *Stockt. Ch.*, 454, the Chancellor said: " It is now insisted that the widow is entitled to the whole of the five hundred and fifteen dollars and seventy-four cents. This cannot be so. She is entitled to nothing

more than her dower in the equity of redemption. This sum represents that equity of redemption. She is entitled to interest on the third of it, and no more."

And in *Vartie vs. Underwood*, 18 *Barb.*, 561, where the wife had mortgaged her separate estate, and also united with her husband in a mortgage of property belonging to him, it was held that she was entitled to be substituted to the rights of a surety, only as to the separate property, and as to the proceeds arising from the sale of the husband's property, she was entitled to dower in the surplus only, after the extinguishment of the mortgage.

We are of opinion, therefore, in this case, that the appellee cannot be substituted to the rights of a surety, and as against the creditors of the husband, she is entitled to dower only in the surplus after the mortgages are paid.

We are aware that the dower right is highly favored in law, and we have been anxious to affirm this decree, but a careful examination of the authorities obliges us to say that, in our opinion, it is erroneous and must be reversed.

*Decree reversed, and cause remanded.*

(Decided 2d July, 1869.)