· FREDERICK J. BROWN, Trustee *vs.* C. MORTON STEW-
ART, Trustee.

*Consolidation of Mortgages—Bill to remove Cloud from
Title—Art.* 16, *sec.* 23, *of the Code; secs.* 19 *and* 29 *of Art.*
24; *sec.* 2 *of Art.* 64.

In 1869, R. executed to E. W. B., trustee of the estate of W., a mort-
gage of land in Baltimore County to secure the re-payment in eight
years of a loan of $10,000 out of the funds of that estate, interest
meantime to be paid half-yearly. The mortgage contained the
usual proviso that it should be void upon payment of the debt.
At the same time R. assigned to the trustee a collateral security,
and by means of this collateral, the debt was paid in 1876, the
trustee, however, not releasing the mortgage. It does not appear
whether, before this payment, there had been any default in the
payment of interest. Before this loan, the trustee had made four
loans to R. out of the trust funds, receiving from R. for the return
of each loan, a mortgage of lands in Baltimore County. On each
of these loans balances were due, and the lands mortgaged were
insufficient for the re-payment, it being admitted that after the
sales of said lands there would still be due a sum much greater
than the value of the unreleased land conveyed by the mortgage
first mentioned. In 1871, R., being insolvent, made a deed of trust
for the benefit of creditors, to S., who filed a bill against F. J. B.,
(the successor of E. W. B., who died in 1877,) to compel him to
release the mortgage. It was HELD :

1st. That the mortgage having been satisfied without default, became
inoperative and void, and the legal estate reverted to and became
vested in the mortgagor without any re-conveyance or release.

2nd. That this was not a bill for redemption, but to remove what
was supposed to be a cloud upon the title, and that under the
circumstances a Court of equity would compel the mortgagee to
remove the cloud by executing a release.

3rd. That the doctrine of tacking or consolidation of mortgages,
does not apply where the mortgage has been satisfied without
default.

4th. That as against creditors and purchasers or assignees of the mortgagor, the English doctrine of tacking or consolidation would seem to be inconsistent with the provisions of the Code in regard to mortgages and the effect of their registration. (Code, Article 16, section 23; Article 24, sections 19 and 29; Article 64, section 2.)

APPEAL from the Circuit Court for Baltimore County, in Equity.

On December 23rd, 1869, Mrs. S. C. Read executed to E. Wyatt Blanchard, trustee of the estate of Charles Waters, deceased, a mortgage of seven lots in Baltimore County, to secure the re-payment in eight years, of a loan of $10,000, interest meantime to be paid half-yearly. The mortgage was in the usual form, with a proviso, that if the debt should be paid and all covenants performed, the mortgage should be void; an agreement that until default, the mortgagor should retain possession, and a covenant to pay the debt. At the same time the mortgagor assigned, as collateral security, a mortgage previously made to her by W. L. Garitee, who, in 1876, paid to Blanchard, trustee, the balance due under this mortgage, and obtained a release of it. This payment, with other sums previously received by the trustee, extinguished the $10,000 mortgage debt, but the mortgage of December 23rd, 1869, was not released. It does not appear from the statement of facts, whether there had been at any time, any default in the payment of the interest. Before this loan, the trustee had made four large loans to Mrs. Read, out of the funds of said estate, and she had executed to him four mortgages of lands in Baltimore County, one for the return of each loan. In 1871, Mrs. Read being insolvent and largely indebted, made a deed of all her property to C. Morton Stewart and C. Oliver O'Donnell, in trust for her creditors, and her estate had paid no dividend at the time of the institution of this suit. Large balances were due on account of each one of the four other loans above men-

tioned, and it was admitted that the lands mortgaged proved to be insufficient for the re-payment, and that after said lands should be sold, many ·thousand dollars would still be due to the Waters' trust estate,—an amount much greater than the value of the unreleased lots conveyed by the mortgage of December 23rd, 1869. In 1877, Blanchard having died, the appellant succeeded him as trustee of that estate. The appellee, (now sole trustee of Mrs. Read's estate, O'Donnell, his co-trustee having died,) filed a bill to compel the appellant to release the property to which he still claimed a legal title under. the mortgage of December 23rd, 1869, and the appellant answered, refusing on the ground that he should not be compelled to release that mortgage, while the mortgagor was still so heavily indebted to the trust estate on other mortgage debts which had not been and could not be paid. The case was submitted for a decree to be passed, by consent, against the appellant, upon bill, answer and agreed statement of facts, and the Court, (GRASON and YELLOTT, J.,) accordingly ordered that the defendant should execute a release of the mortgage ; whereupon he appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and MAGRUDER, J.

*A. R. White,* and *Fred'k J. Brown,* for the appellant.

1. The appellant rests on the broad principle, that *he who seeks equity must do equity.* This principle supports the doctrine of *tacking,* which is recognized in Maryland, not in the sense that a first mortgagee of a parcel of land who afterwards takes a third mortgage of it, may *squeeze out* an intervening second mortgagee, but in the sense that when a mortgagor files a bill against the mortgagee to redeem, he must not only pay the mortgage debt, but also other debts which he owes the mortgagee, who is allowed to *tack* them to his mortgage debt. When these *other*

debts are also *mortgage* debts, the name of *consolidation of mortgages* is given to this application of the doctrine. To a bill to redeem, under such circumstances, defendant answers, "You have paid me, (or offered to pay,) your debt on Blackacre, but you owe me on your mortgages of Whiteacre and Greenacre, both of which are inadequate securities; pay me those mortgage debts, or remain unreleased as to this parcel of land." Tacking, in the sense above explained, (of course including consolidation of mortgages,) has been upheld by the Court of Appeals on the principle " he who seeks," &c. *Chase vs. McDonald,* 7 *H. & J.,* 160, 197; *Lee vs. Stone,* 5 *G. & J.,* 1, 21; *Gelston vs. Thompson,* 29 *Md.,* 595. But this equity in favor of the mortgagee does not extend against the mortgagor's assignee for valuable consideration. *Gelston vs. Thompson,* 29 *Md.,* 595.

The English cases on consolidation, present difficult questions as to conflicting equities, where there have been assignments of interests and successive mortgages. These questions could not be raised here, in view of the *notice* given by our system of registration, and in view of the easy application of the criterion, (see *Gelston vs. Thompson,*) whether the assignment of the equity of redemption was *for valuable consideration.* The latest English cases, which confine the right to consolidate, within the narrower limits than had been before allowed, still leave those limits wider than are needed for appellant's ground of defence. The rule as to consolidation of mortgages, "in its simplest form," is well stated by COTTON, L. J., in the recent case of *Mills vs. Jennings,* 13 *L. R., Ch. D.,* 639, and is rested on the equitable principle above mentioned.

The appellant relies also on the following cases (among others,) on tacking and consolidation. *Ex parte Carter, Ambler,* 733; *Tribourg vs. Ld. Pomfret, Ambler,* 733; *Willie vs. Lugg,* 2 *Eden,* 78; *Ireson vs. Denn,* 2 *Cox Ch. Ca.,* 425; *Watts vs. Symes,* 1 *DeG., M. & G.,* 240; *Tassell vs.*

*Smith*, 2 *DeG. & J.*, 713; *Vint vs. Padgett*, 2 *DeG. & J.*, 611; *Selby vs. Pomfret*, 1 *John. & H.*, 336; *S. C. affirmed*, 3 *DeG., F. & J.*, 595; *Beevor vs. Luck*, *L. R.*, 4 *Eq.* 537; *Baker vs. Gray*, 1 *L. R., Ch. D.*, 491; *Cummins vs. Fletcher*, 14 *L. R., Ch. D.*, 699; *Ex parte Berridge*, 3 *Mont. D. & DeG.*, 464; *Scripture vs. Johnson*, 3 *Conn.*, 211; *Walling vs. Aiken*, *McMullan's Eq.*, 1; *Bank of S. C. vs. Rose*, 1 *Strobh. Eq.*, 257; and cites the following text-writers: *Coote, Fisher and Powell on Mortgages; Williams on Real Property*, and *Wooddesson's Lectures*.

2. Assignee for benefit of creditors is not a purchaser for valuable consideration, but takes subject to all equities. *Ratcliffe vs. Sangston*, 18 *Md.*, 383; *Dowler vs. Cushwa*, 27 *Md.*, 354; *Matter of Howe*, 1 *Paige*, 125; *Marine Bank vs. Janney*, 1 *Barb.*, 486; *Leger vs. Bonnaffé*, 2 *Barb.*, 475; *Warren vs. Fenn*, 28 *Barb.*, 333; *Perry on Trusts, sec.* 596.

3. That appellant's right to consolidate is not affected by the Act of 1825, ch. 50, (Code, Art. 64, sec. 2,) is shown by the decisions in *Lee vs. Stone*, and *Thompson vs. Gelston, supra;* and by the interpretation given to that Act, in *Cole vs. Albers*, 1 *Gill*, 412; *Maus vs. McKellip*, 38 *Md.*, 231.

*David Stewart*, and *Robert Riddell Brown*, for the appellee.

Payment by the mortgagor of the mortgage debt before the day of redemption, (*i. e.*, before default or forfeiture,) renders the mortgage void at law, and destroys all the mortgagee's rights over the mortgaged property.

The payment of a debt secured by a mortgage which is to be *void* on performance, divests the mortgagee of his title without re-conveyance or other discharge. *Stewart vs. Crosby*, 50 *Me.*, 130, 132; *Whitcomb vs. Simpson*, 39 *Me.*, 21; *Holman vs. Bailey*, 3 *Met.*, 55; *Grover vs. Flye*, 5 *Allen*, 543; *Farmers vs. Edwards*, 26 *Wend.*, 541, 553;

*Gray vs. Jenks,* 3 *Mason,* 520, 526, 531 ; *Martin vs. Mowlin,* 2 *Burr.,* 978, 979; 1 *Wash. R. P.,* (543 ;) 4 *Kent Com.,* (194 ;) *Adam's Equity,* (110,) 253 ; 2 *Jones' Mort.,* secs. 972, 973 ; *McNair vs. Picotte,* 33 *Mo.,* 57 ; *Marriott vs. Handg,* 8 *Gill,* 31, 41 ; *Hitchcock vs. Harrison,* 6 *Johns.,* 290.

In this case the debt was fully paid in August, 1876, seventeen months before the day of redemption. And since no default was ever made, Brown had never even the right of possession of the mortgaged land, (which is unimproved vacant property.)

Two mortgages cannot be consolidated unless both are *in default. Cummings vs. Fletcher,* 28 *W. R.,* 772.

After default, when the mortgagee refuses to account or accept payment of the debt, and holds on to the property under his legal title, the mortgagor has the equitable right to redeem, and equity will compel a re-conveyance to the mortgagor upon his payment into Court of his debt and costs.

"Until the day of redemption is passed, the debtor is not invested with any special equity. He may pay his money according to the proviso, and may thus avoid the conveyance at law. * * * * After the day of redemption is passed, a special equity arises for redemption. * * * * * The equity is that the real transaction was a loan on security, and the forfeiture by non-payment a mere penalty, which may be relieved against on a subsequent satisfaction of the debt. And in accordance with this equity, the mortgagor may file a bill, notwithstanding forfeiture, praying for an account and redemption of the estate, and insisting on a re-conveyance by the mortgagee on re-payment " of debt and costs. *Adam's Equity,* 251–254, (110)–(111.)

A bill to redeem is not necessary except when the mortgagee is in possession. *Farmers vs. Edwards,* 26 *Wend.,* 541, 553; *Gray vs. Jenks,* 3 *Mason,* 520, 527.

The bill in these proceedings is not a bill to redeem, because the property was redeemed by payment of the debt, and because the mortgagee has never had possession. It is a bill to remove a cloud from the appellee's title to the mortgaged property. *Gray vs. Jenks,* 3 *Mason,* 520, 526, 531; and to compel this to be done, equity has full jurisdiction. *Doe vs. Doe,* 37 *N. H.,* 268; *Kimberly vs. Fox,* 27 *Conn.,* 307; *Eldridge vs. Smith,* 34 *Verm.,* 484; *Polk vs. Pendleton,* 31 *Md.,* 118.

Under certain circumstances, equity Courts have made such order for re-conveyance conditional upon the payment by the mortgagor of other debts due by him to the mortgagee; thus has arisen the doctrine of tacking. *Chase vs. McDonald,* 7 *H. & J.,* 160, 192.

Tacking is never allowed except as against a bill to redeem; *Lee vs. Stone,* 5 *G. & J.,* 1, 22; and there cannot be a bill to redeem without default. *Brown vs. Cole,* 14 *Sim.,* 427.

The doctrine of tacking has never been much approved. Cases in which it is referred to, *and applied,* are rare; cases in which it is referred to, but to which it is said *not to apply,* are numerous. 1 *Pow. Mort.,* 347, *et seq.;* 2 *Ibid,* 434, *et seq.*

It was abolished in England in 1874. 37–38 *Vict., ch.* 78, *sec.* 7, 9 *L. Rep. Stat.,* 389.

In the United States the doctrine has been characterized as unjust, illogical, and contrary to the spirit of our laws. (See 3 *Bland,* 330.)

The doctrine has not been adopted in Maryland, and is inconsistent with Maryland Statute law.

Chancellor BLAND, (3 *Bl.,* 330,) quoting Lord THURLOW, (*Lowthian vs. Hassel,* 3 *Bro. Ch.,* 162,) declared it to be "solely a matter of arrangement, and to have no foundation in natural justice."

Though it has been announced. *Coombs vs. Jordan,* 3 *Bl.,* 284, 330; *Chase vs. McDonald,* 7 *H. & J.,* 160,

192; *Lee vs. Stone,* 5 *G. & J.,* 1, 21; *Gelston vs. Thompson,* 29 *Md.,* 595, 600; this is done in a general, loose way, none of the cases calling for its application.

It is inconsistent with the following clause in the Revised Code: " No mortgage shall be a lien or charge on any estate or property for any *other or different principal* sum or sums of money than the principal sum or sums that shall appear on the face of such mortgage, and be specified and recited therein, and particularly mentioned and expressed to be received thereby at the time of executing the same," * * * * * * and no mortgage to secure "*future loans* or advances shall be valid, unless the amount or amounts of the same and the times when they are to be made shall be specifically stated in said mortgage." *Act of* 1872, *ch.* 213; *Rev. Code, Art.* 66, *sec.* 43, *p.* 661.

ALVEY, J., delivered the opinion of the Court.

This is a very plain case, and it requires no extended discussion to decide it.

The mortgage made to Blanchard, as trustee of the estate of Waters, bears date the 23rd of December, 1869; and subsequently thereto Mrs. Read, the mortgagor, becoming insolvent, made a deed of assignment of all her property, of every kind and description, to Stewart and O'Donnell, trustees, for the benefit of her creditors generally; the deed of assignment providing for payment of the debts according to legal priority.

Prior to the mortgage of the 23rd of December, 1869, now in question, Blanchard had loaned Mrs. Read other sums of money, being part of the trust funds in his hands, and taken mortgages as security therefor on other property than that embraced in the mortgage in controversy; and a considerable amount of money still remains due and owing on these prior mortgages.

By the mortgage of the 23rd of December, 1869, now the subject of contention, it is recited that the mortgagor had

covenanted to pay the mortgage debt *on or before* January 1st, 1878, with interest, &c.; with a proviso, that if she, her representatives or assigns, should well and truly pay, or cause to be paid, to Blanchard, the trustee, or his successors in the trust, the mortgage debt of $10,000, and interest, as in the mortgage set forth, and perform all the covenants on her part to be performed, *" then this mortgage shall be void."*

It is admitted that the mortgage debt, with all interest thereon, had been fully paid before the time designated in the mortgage ; and it is not claimed or pretended that any covenant on the part of the mortgagor remained unperformed. There was therefore no breach or default on the part of the mortgagor or her assigns.

Blanchard, the mortgagee, has died, and the appellant has succeeded him in the trust ; and O'Donnell, one of the assignees of Mrs. Read, having died, Stewart is the surviving assignee or trustee for the benefit of the creditors of Mrs. Read, under the deed of assignment.

The bill in this case was not filed for redemption of the mortgaged premises, but it was filed by the surviving trustee under the deed of assignment, for the purpose of procuring a release of record of the mortgage of the 23rd of December, 1869, and thus to have removed what was supposed to be a cloud upon the title to a portion of the mortgaged premises. The appellant, while admitting the full payment of the mortgage debt before it fell due, according to the terms of the mortgage, insists that he holds the legal title under the mortgage, and that he should not be required to release or surrender that legal title until he is paid what remains due on the prior mortgages, and which the property embraced in those mortgages is largely insufficient to pay. He insists that he has such right or interest in the mortgage sought to be released as will enable him to require, as a condition of executing the release, the payment of the balance due on the prior mortgages ; and

that this is justified by the doctrine of tacking or consolidation of securities, as enforced by Courts of equity.

There is, however, no sort of ground for this contention, either by the law of this State, or that of England. In the first place, it being conceded that the mortgage debt has been fully paid, it has long been the settled law in this State, that, even in Courts of law, after the mortgage is satisfied, the legal estate is regarded as having reverted to and become vested in the mortgagor, or those claiming under him; and that the mortgagee can neither recover in ejectment upon such mortgage title, nor set it up in defence, as against the mortgagor, or those who may hold under him. *Morgan vs. Davis,* 2 *H. & McH.,* 9, 17; *Paxon vs. Paul,* 3 *H. & McH.,* 399; *Beall vs. Harwood,* 2 *H. & J.,* 167. But here, the mortgage having been satisfied before the day of payment, and there being, consequently, no forfeiture, by the express terms of the condition, the mortgage ceased to be operative, and is declared to be void. In such case, according to all the authorities, the land returns to the mortgagor, without any re-conveyance or release, by the simple operation of the condition, free and clear of the mortgage. 2 *Prest. on Conv.,* 200, 201; 4 *Kent Com.,* 193; 2 *Washb. R. Prop.,* (3rd *Ed.,*) 162, and cases there cited. And, according to our decisions, to which we have referred, substantially the same result follows, whether the payment or satisfaction be before or after the day of payment fixed by the mortgage. It is the full satisfaction that operates to extinguish the mortgage title.

This being the case, equity creates no new title; but, in those cases where the legal title is not extinguished, equity, according to the English rule, merely refuses to take away the protection which the legal estate affords to the party holding it, except upon terms; and in case a party holds two mortgages from the same person, though of distinct estates and to secure separate debts, if such

mortgages become *absolute at law,* the one cannot be redeemed by the mortgagor without his redeeming the other ; and this principle has been carried so far by the English Chancery, that the purchaser of the equity of redemption of one estate, though without notice of the existence of the mortgage on the other, cannot redeem the one without redeeming the other also. *Jones vs. Smith,* 2 *Ves. Jr.,* 377 ; *Mills vs. Jennings,* 28 *W. R.,* 549. If, therefore, the estate conveyed by the one mortgage be deficient in value to secure the mortgage debt, or should turn out to be of no value, and the value of the other estate should be more than sufficient to pay its own mortgage, the mortgagee, by the English rule, obtains the benefit of the surplus value of the latter to make up the deficiency of the former. *Margrave vs. Le Hooke,* 2 *Vern.,* 207; *Pope vs. Onslow, Ib.,* 286; 2 *Spence Eq. Jur.,* 726. But the doctrine has never been sanctioned or recognized to such an extent in this State. It has been said, in former decisions of this Court, that, in order to prevent circuity of action, and upon the principle that he who seeks equity must do equity, if a mortgagor goes into equity to redeem, he will only be permitted to do so upon payment, not only of the mortgage debt, but of all other debts due from him to the mortgagee ; but that the principle does not apply to affect the rights of third parties ; they cannot be prejudiced by it. *Chase vs. McDonald,* 7 *H. & J.,* 160 ; *Lee vs. Stone,* 3 *G. & J.,* 1, 20 ; *Gelston vs. Thompson,* 29 *Md.,* 595. Indeed, as against creditors and purchasers or assignees of the mortgagor, who may seek to redeem, the doctrine of tacking or consolidation, as it obtains in England, would seem to be plainly inconsistent with the provisions of our Code in regard to mortgages and the effect allowed to the registration thereof. *Code, Art.* 16, *sec.* 23 ; *Art.* 24, *secs.* 19 and 29 ; and *Art.* 64, *sec.* 2. See also 4 *Kent Com.,* 177, 178.

Here, however, the very foundation of the principle, upon which tacking or consolidation is allowed, even

according to the English doctrine, is wanting. There has been no forfeiture of the condition of the mortgage, and, consequently, the legal estate has never become absolute; but that estate has revested in the mortgagor, or those claiming under her, upon payment of the mortgage debt, by the terms of the mortgage itself. There being no default, there was therefore no equity of redemption, in the sense of a Court of equity; and where there is no equity of redemption requiring the assistance of a Court of equity to enforce it, the doctrine of tacking or consolidation has no application whatever. *Cummins vs. Fletcher*, (in the English Court of Appeals,) 28 *W. R.*, 772.

The only question in the case about which there could be any doubt, is as to the right of the complainant to file the bill to remove a cloud from the title. The title in this case is in point of law free from the operation of the mortgage of the 23rd of December, 1869; but as there is no evidence of record of the exoneration of such title, and as the defendant has refused to execute a release, and makes further claim upon the mortgaged premises, doubt and question might arise, with parties unacquainted with the fact of the discharge, as to the effect of the *apparent* mortgage title. In such case, we think, the jurisdiction of a Court of equity may be invoked, to prevent prejudice to the title, and to require the mortgagee, or those claiming under him, *to release of record,* all claim to the mortgage, as prescribed by the Code, Art. 24, secs. 33, 34 or 35; and thus free the title of record of all question by reason of the existence of the mortgage, which has been both in fact and in law discharged. See case of *Gray vs. Jenks,* 3 *Mason,* 526.

We think the decree below was right, and it must therefore be affirmed.

*Decree affirmed, with*
*costs to appellee.*