## JAMES T. HAYS vs. EMILY E. CRETIN.

*Right of Doweress to Redeem Mortgage.*

When a married woman has united with her husband in a mortgage of his real estate she is entitled upon his death, as the owner of an unassigned dower interest in the land, to redeem the mortgage by paying the amount thereof.

In such case the right of the widow to redeem the mortgage is not affected by the fact that her husband had executed a second mortgage of the land to the same mortgagee in which she did not unite; nor can she be

required to pay the second mortgage or other debts of her husband for which she is not liable.

Upon a bill in equity by a widow having a dower right in mortgaged land to redeem the mortgage, it is not necessary to consider the rights of the heirs-at-law of the mortgagor who are not parties to the cause.

Appeal from the Circuit Court for Frederick County (HEN-DERSON and MOTTER, JJ.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*William P. Maulsby* and *Vincent Sebold*, for the appellant.

By the first mortgage Mrs. Cretin conveyed with her husband the legal estate in the mortgaged lands, by the second mortgage her husband conveyed the entire equity of redemption.

There has never been any assignment of dower in this case, and it follows, that at common law she has not any interest or estate in the lands of her husband. Previous to the assignment of dower her interest is a mere chose in action, nothing but a right by appropriate proceedings to compel the assignment to be made." *Harper* v. *Clayton*, 84 Md. 347.

But if this be not found correct, and the Court below overruled this contention, then we submit that irrespective of an assignment Mrs. Cretin had no such estate or interest in the mortgaged lands as entitled her to redeem. That one may redeem, he must have some interest or estate in the mortgaged premises. *McNiece* v. *Eliason*, 78 Md. 168.

Dower at common law was the right of the widow to one-third of the lands of the husband, of which he had in life been seized and possessed, then came in Maryland the Act of 1818 which gave the widow a dower in the equitable estate in lands, of which the husband died seized and possessed; and this continued to be the law of Maryland until the Act of 1898 extended the right of the widow to all the lands of the husband, whether legal or equitable, of which he had been possessed during his life, whether he died so possessed or had disposed of the same in his life time. Code of 1904, Art. 45, sec. 6.

Now by the first mortgage Mr. Cretin vested the legal title
to the lands in question in the mortgagees named therein, and
by the assignment of this mortgage to Hays be became seized
of the legal title; Mr. Cretin then owning only the equity of
redemption, conveyed this equity of redemption to Hays by
the second mortgage made in 1896.   We submit that by the
execution of the second mortgage Cretin conveyed this equity
to Hays, and that his widow was therefore no longer dowable
in the lands in question.

By the law as it stood at the dates of both mortgages, the
wife was only dowable of such equitable estates as the hus-
band died seized of; if he had parted with the equitable estate
in his life time her dower was gone.  *Hopkins* v *Fry*, 2 Gill,
365; *Miller* v. *Stump*, 3 Gill, 311; *Purdy* v. *Purdy*, 3 Md. Ch.
548; *McRae* v. *McRae*, 78 Md. 270; *Rabitt* v. *Gaither*, 67
Md. 94.

We submit that the first mortgage conveyed the whole legal
estate out of John T. Cretin and his wife; that it vested the
same in the mortgagees named in the said mortgage and their
assigns; that the conveyance of the second mortgage by Cre-
tin alone, stripped him of the whole equity of redemption, that
these two mortgages being alive and unsatisfied at Cretin's
death he did not die seized and possessed of any equitable es-
tate in the mortgaged premises, and not so dying, the wife
was not dowable.

It is "well settled that the wife's right to dower in the
equitable estate of her husband exists *only* when the husband
is possessed of such estate at the time of his death." *Glen*
*v. Clark,* 53 Md. 604.

That the legal title to the mortgaged premises had vested
in appellant, seems too clear for discussion ; the conditions of
both mortgages had long since been broken, the mortgagor
had been for years in adult, the mortgagee had the right to
enter and take possession.   *State* v. *Brown*, 73 Md. 484.

But, supposing that the proceeds of the mortgaged lands,
exceeds the amount of the two mortgages, what are the rights
of the widow in the such surplus ?   While this question is

not directly involved, we submit that Cretin at the time of his death, no equitable estate in the mortgaged lands, but that upon a sale the mortgagee selling, or any trustees selling, would hold the proceeds of sale after satisfaction of the mortgages, taxes, costs, &c., in trust for Cretin or his personal representatives. *Fry v. Hopkius,* 2 Gill, 359—364.

After the execution of the first mortgage, the estate of Cretin in the land was merely an equitable estate, viz, the equity of redemption ; "It seems to be quite clear that the husband has the same power of absolute alienation over an equitable interest in land that he has over his personal property, and that the same alienation that will defeat the widow's right to a distributive share in the one, will defeat her claim to dower in the other." *Rabbitt v. Gaither,* 67 M. 94–100.

He or she who would claim equity must do equity. Now Mrs. Cretin has joined in the conveyance of the first mortgage, she has no dowerable interest in the estate after the execution of this first mortgage, unless her husband died seized of the equitable estate or the equity of redemption ; but he conveyed this equity of redemption by the second mortgage ; the appellant is the owner of both the legal and equitable estates, subject to the rights of the personal representatives of Cretin to the surplus after a sale and satisfaction of the two mortgages and all other creditors of Cretin ; this being so, it seems to us that equity and good conscience require that before the widow can redeem, she must not only pay the first mortgage but also the second mortgage and the claim of Hays & Co. for $378.23 and interest.

Under the circumstances of this case, as adverted to in our first point, we submit that the appellee ought to be required to pay both mortgages as well as the claim of Hays & Co. *Lee v. Stone,* 5 G. & J. 1; *Brown, Trustee, v. Stewart,* 56 Md. 421.

*Milton G. Urner* and *Hammond Urner* (with whom was *Milton G. Urner, Jr.,* on the brief), for the appellee.

A wife, notwithstanding she joins her husband in the mort-

gage, may nevertheless take her dower in the lands subject to the mortgage, and she has a right to redeem, and may call on the personal representatives of her deceased husband to apply the personal assets to the extinguishment of the mortgage debt, so as to free her dower from the encumbrance. *Mantz* v. *Buchanan*, 1 Md. Ch., 204; *Bank of Commerce* v. *Owens*, 31 Md. 325.

In fact the right of the doweress to redeem is universally recognized, as will appear from the text, and numerous authorities cited, in *Jones on Mortgages*, vol. 2, sec. 1067; *Scribner on Dower*, vol. 1, pp. 459 *et seq*; *Kent's Commentaries*, vol. 4, p. 162; *Pomroy's Eq. Jur.*, vol. 3, sec. 1220 and note; *Note to Kerse* v. *Miller*, 4 Am. & Eng. Dec., in Eq. 461.

It was contended in the Court below that the right of redemption should be denied in this case because the dower had not been assigned. We submit that this position is entirely untenable. In the first place, there was no opportunity for an assignment of the dower because of the promptness with which the appellant sought to foreclose his mortgage after Mr. Cretin's death, But if there had been ample opportunity, the dower could not have been assigned until the mortgage had been redeemed. *Jones on Mortgages*, vol. 2, sec. 1067 ; *Gibson* v. *Crehore*, 5 Pick., 146 ; *Kerse* v. *Miller*, 4 Am. & Eng. Dec. in Eq., 461 and note ; *Opdyke* v. *Bartles*, 11 N. J. Eq., 133.

In *Jones on Mortgages, supra,* the rule is thus stated :— "It is only when the mortgage debt is paid, or when the mortgagee does not object, that her dower can be assigned, but she can redeem without a legal assignment of it."

It was not necessary for Mrs. Cretin to offer to pay the second mortgage or other debts of her husband to the appellant. These were not her debts.

In no case does the rule invoked upon this point go further than to require a mortgagor seeking redemption to pay other debts due from *him* to the mortgagee. *Brown* v. *Stewart*, 56 Md. 421; *Gelston* v. *Thompson*, 29 Md. 601; *Lee* v. *Stone*, 5 G. & J. 22.

But when *foreclosure* is sought the rule is relaxed, even as to the mortgagor. If Mr. Cretin himself were alive and resisting the attempted foreclosure of the appellant's mortgage in this case, he could redeem without paying more than this particular mortgage debt. "But it is also true, that if the mortgagee seek a foreclosure in chancery the mortgagor will be permitted to redeem upon payment of the mortgage debt only, no matter to what amount, on other accounts, he may stand indebted to the mortgagee." *Lee* v. *Stone*, 5 G. & J. 22. In this case there can be no possible prejudice to the appellant, as Mr. Cretin's estate is more than sufficient to pay all his debts.

BRISCOE, J., delivered the opinion of the Court.

This is a suit in equity brought in the Circuit Court of Frederick County by the appellee, the widow of John T. Cretin, deceased, against the appellant, as assignee of a mortgage from Cretin and wife, to Clayonia F. Maynard and Fanny Noonan, for an injunction to restrain the assignee from selling the mortgaged real estate and to enforce her equity of redemption, as the alleged owner of a dower interest in the land.

The injunction and the relief asked by the bill were granted by the Court below, and from a decree so granting the relief an appeal has been taken.

It will be necessary for us to briefly state the material facts, disclosed by the record, in order to obtain a clear and proper understanding of the case.

The bill avers, that John T. Cretin, of Frederick County, died intestate on the 6th of December, 1903, seized and possessed of a tract of land, situate in that county, containing 200 acres, more or less ; that the appellee is his widow and as such is entitled to a dower estate in the land; that on May 24th, 1889, Cretin and his wife, executed a mortgage of this farm to secure the payment of two promissory notes dated the 24th day of May, 1889, payable five years after date and given by Cretin to Maynard and Noonan, each for the sum of two thousand dollars, and that the mortgage was subsequently

assigned to the appellant. The mortgage debt being overdue, the appellant advertised the property to be sold at public sale on the 13th of February, 1904, to pay the mortgage debt.

The bill then avers that on the 10th of February, 1904, the appellee, as owner of the dower interest, offered to redeem the mortgage and tendered the defendant the sum of $4,300, in legal tender currency, in payment and redemption of the mortgage debt, interest and costs, but the defendant declined to accept the tender and refused to permit her to redeem.

The prayer of the bill, in addition to the prayer for general relief is, first, that the defendant may be enjoined and restrained by injunction from executing the power of sale contained in the mortgage, and from selling or assigning the mortgage debt, pending the proceedings, and second, that the appellees equity of redemption may be enforced and the defendant be required to accept the amount of the mortgage debt, interest and cost, so tendered and paid into Court and that the appellee may be subrogated to the rights of the mortgagee.

The defendant, in his answer, admits the allegations contained in the first, second and third paragraphs of the bill, but denies that the appellee has such a beneficial interest and estate in the mortgaged land as entitles her to redeem. The answer avers, that the alleged tender and offer to redeem, is not for the purpose of protecting any beneficial in the real estate, but is a fraudulent scheme on the part of the appellee to defeat and destroy the rights and interest of those who have a legitimate beneficial interest in and to the land, that the estate of the decedent is largely indebted on other claims, including a second mortgage in which the widow did not join, of $300, and an unsecured balance due and owing to the appellant.

The answer, then, avers, that to grant the relief prayed by the bill would defeat the appellant's rights as second mortgagee and creditor of the estate and would also destroy the interests of the heirs-at-law, and the other general creditors of the estate.

It appears, then according to the pleadings and the con-

ceded facts of the case, the principal question raised for our consideration is, the legal right of the appellee the widow of Mr. Cretin, to redeem her interest in the equity of redemption from the first mortgage, in which she joined with her husband.

There can be no difficulty we think, as to the general proposition that a widow who has joined in a mortgage has the undoubted right to redeem, notwithstanding the fact, there has been no legal assignment of the dower. This proposition is well settled upon reason and authority, because of the wife's inchoate right of dower and of her interest in the estate.

In *Jones on Mortgages*, vol. 2, sec. 1067, it is said, that a widow who has joined in a mortgage in release of dower may redeem, for she is entitled to dower as against every person except the mortgagee and those claiming under him. She has an undoubted right to redeem although she has released her dower. *And even a wife having only* an inchoate right of dower may redeem land from a mortgage in which she has joined with her husband to release dower.

In *Gatewood* v. *Gatewood and others*, 75 Va. 413, the Court after citing a number of authorities to sustain the position, that a tenant in dower, may insist upon the redemption of a mortgage, says that the dower interest of the wife in the husbend's estate is such as entitles her to redeem, seems too clear for controversy. And it was also said, that it may be laid down as a rule, of almost universal acceptance that when there is a mortgage upon real estate, any person who has the right to redeem such mortgage and actually does redeem it, is entitled for his indemnity to be subrogated to the lien of the mortgage and to hold the land until he is reimbursed to the amount so paid.

The case of *Davis* v. *Wetherel*, 13 Allen 60, and *Lamb* v. *Montague*, 113 Mass. 352, are express decisions on this point.

In *Mantz* v. *Buchanan*, 1 Md. Chy. 156, the Chancellor said, there can be no doubt that a wife, notwithstanding she joins her husband in the mortgage may nevertheless take her dower in the lands subject to the mortgage and that she has a

right to redeem and may call on the personal representatives of her deceased husband, to apply the personal assets to the extinguishment of the mortgage debt so as to free her dower from the incumbrance. And the doctrine enunciated by the Court in this case, is approved in *Lynn* v. *Gephart*, 27 Md. 567; *Bank* v. *Owens*, 31 Md. 327; *Glenn* v. *Clarke*, 53 Md. 603, *McNeice* v. *Eliason*, 78 Md. 176; *Pomeroy Equity Juris.*, 1220; *Story's Equity Jurisprudence*, vol. 2, sec. 1023.

But it is contended earnestly by the appellant, that the right of redemption in this case should be denied, because the husband in the year 1896, executed a second mortgage to the appellant for $300, by which he conveyed away his equity of redemption in the property, in question, and at the time of his death, he was not seized of such an estate, as the wife could be dowable.

The cases cited and relied upon by the appellant do not maintain the proposition asserted by him. In *Bank of Commerce* v. *Owens*, 31 Md. 325, this Court said : "But in this case, it must be remembered, the husband was seized of a legal title, upon which the wife's inchoate right of dower attached by the common law. And can it be said, that pledging this right to secure her husband's indebtedness, she thereby puts it in his power; or that of his creditor to defeat it altogether. To this view we cannot yield our assent. The husband may assign the equity of redemption, but no act of his could deprive the widow of the right to redeem, to which she is entitled under the common law." *Glenn* v. *Clarke*, 53 Md. 603.

The case of *Smith* v. *Hall*, 67 N. H. 200, is directly in point. In that case, the husband and wife executed a mortgage on certain lands to secure a note given by the husband to the Farmington Savings Bank for $641.78. Subsequently the husband executed a second mortgage in which the wife did not join, to secure a promissory note of $1,000. It was held, that the wife was entitled, on redeeming the bank mortgage, to hold the whole estate until the defendant shall repay her the amount of the mortgage, when she will be entitled to have a homestead assigned; that her right to the equity of re-

demption was not affected by the second mortgage to which·
she was not a party.

The right of the wife in the case at bar to redeem the land
from the first mortgage in which she joined, notwithstanding
the making of the second mortgage by her husband rests
upon her contingent right of dower, and her interest in the
land. She is entitled to exercise this right, in order to pro-
tect her dower interest and to prevent a sale of the property.
It would be a useless right, indeed, if it could be defeated and
destroyed by the bare making of a second mortgage, by the
husband, without her uniting therein. In *Pollard* v. *Noyse*, 60
N. H. 184, it is held, that a sale of the equity of redemption
by the husband did not defeat the wife's homestead right in
that equity.

As to the contention, that the appellee should be required
to pay the second mortgage and the open account due the ap-
pellant, we need only say, that these claims are not her debts,
and she is not liable therefor. *Brown* v. *Stewart*, 56 Md. 431;
*Gelston* v. *Thompson*, 29 Md. 595.

There can be no serious contention as to the tender made
by the appellee. The tender was made in the bill and the
money was paid into Court. The defendant by his answer
refused to accept the money as tendered and denied the right
of the appellee to redeem.

It will be seen, from what has been said, that we have dis-
posed of all the questions determined by the decree.

We concur in the views expressed in the opinion of the
Court below that "as to the interests of the heirs-at-law, they
are not parties to the present proceeding and we do not see
that we are required to consider their rights in the determina-
tion of the single question of the right of redemption as dis-
tinguished from that of subrogation."

As the view we have taken is decisive of the case the de-
cree will be affirmed.

*Decree affirmed with costs.*

(Decided January 24th. 1906.)