1841.

Hawley
v.
Bradford.

## HAWLEY *vs.* BRADFORD.

Where the wife pledges her separate estate, or her reversionary interest in her real property, for the debt of her husband, she is entitled to the ordinary rights and privileges of a surety.

But where a wife joins her husband in a mortgage of his real estate, she is not entitled to have the mortgage satisfied out of the husband's interest in the premises exclusively; so as to give her dower in the whole premises notwithstanding the mortgage, and not in the equity of redemption merely.

Thus, where the mortgaged premises are sold under the mortgage, the wife is only entitled to be endowed of the surplus which remains after payment of the mortgage debt and costs of foreclosure.

But she is entitled to the value of her dower in such surplus free from any charge for costs. as between her and the creditors of her husband.

May 4.     THIS case came before the court upon an exception to a master's report in relation to the rights of the several defendants in the surplus monies upon a sale of mortgaged premises. H. Bradford, who died before the decree of foreclosure, was the original owner of the premises, and mortgaged them to secure the payment of a debt due from himself; and his wife Jane Bradford joined with him in the mortgages. Six judgments were recovered against H. Bradford in his lifetime, which were liens upon the equity of redemption in the mortgaged premises; amounting to more than the whole surplus raised on the sale. Upon the reference, the widow claimed the right to be endowed of one third of the proceeds of the mortgaged premises, provided the whole value of her dower, upon the principle of life annuities, did not exceed the amount of the surplus monies raised upon the sale; on the ground that her joining in the mortgage must be considered as a mere security for the husband's debt. The master decided that she was only entitled to dower in the surplus after paying the complainant's debt and costs. And that the gross value of her dower in such surplus, upon the principles of life annuities, was $75,43; subject to a deduction

therefrom of a proportionate part of the costs of the reference, &c.

*M. T. Reynolds,* for J. Bradford, the widow.

*James McKown,* for the judgment creditors.

THE CHANCELLOR. It is settled law that where the wife pledges her separate estate, or the reversionary interest in her real property, for the debt of her husband, she is entitled to the ordinary rights and privileges of a surety. (*Clancy's Husb. and Wife,* 589. *Neimcewicz* v. *Gahn,* 3 *Paige's Rep.* 614. 11 *Wend.* 312, *S. C.*) If the same principle is to be applied to the case of the wife joining in a mortgage of the real estate of the husband, for the purpose of barring her contingent right of dower therein, the claim of the exceptant in this case must be sustained. For the equitable claim of the surety to have the mortgage satisfied out of that estate or interest in the premises which belongs to the principal debtor alone, is entitled to a preference, over the claims of the subsequent incumbrancers to have their debts satisfied out of the same estate or interest in the premises. I am not aware of any decision, however, in which the principle of suretyship has been applied to a case like the present. And the two cases which came before my learned predecessor, Chancellor Kent, were disposed of upon the supposition that the wife who had joined the husband in a mortgage of his estate was not entitled to have such mortgage satisfied out of the husband's interest in the premises exclusively, so as to give her the full benefit of her dower in the whole premises, and not in the equity of redemption merely. (*Tabele* v. *Tabele and others,* 1 *John. Ch. Rep.* 45. *Titus* v. *Neilson,* 5 *Idem,* 452.) Strictly speaking, the wife has no estate or interest in the lands of her husband, during his life, which is capable of being mortgaged or pledged for the payment of his debt. Her joining in the mortgage, therefore, merely operates by way of release or extinguishment of her future

claim to dower as against the mortgagee, if she survives her husband; but without impairing her contingent right of dower in the equity of redemption.

The master was, therefore, right in supposing that Mrs. Bradford was not entitled to be endowed of the whole proceeds of the mortgaged premises, but only of the surplus which remained after paying the mortgage debt and the costs of foreclosure. Upon the authority of the case of *Tabele* v. *Tabele,* however, she was entitled to the value of her life interest in one third of such surplus, free from any charge thereon, for the costs of the reference, as between her and the creditors of the husband. The exception must be allowed to that extent merely; and the report must be modified so far as it charges her portion of the fund with any part of the costs of the reference. Those costs must be paid out of the residue of the surplus fund; and neither party is to have costs as against the other upon the exception to the report. An order to distribute the surplus monies in the court, and the income, if any, which has accrued thereon, will be entered according to the principles of this decision.