West, J.
I. It is a well settled doctrine, that a widow, who, during coverture, joined her husband in a mortgage of realty, whereof he had inheritable seizin, is dowable, in equity,- of the surplus moneys arising from a judicial sale under a decree of foreclosure thereon against her, which may remain after satisfying the mortgage debt and the proper costs incident to such foreclosure. Costs incurred in resisting her right, or in litigating the claims of other parties, will not be considered in estimating her dowable interest. Titus v. Neilson, 5 Johns. Ch. 452; Rands v. Kendall, 15 Ohio, 671; Taylor v. Fowler, 18 Ohio, 567 ; 1 Scribner on on Dower, 478-81.
II. But she is dowable in such case of the surplus only, and not as of the entire proceeds of the sale, to be satisfied out of such surplus. Her inchoate right become, extinguished by foreclosure and judicial sale, to the extent that the proceeds thereof are appropriated to the satisfaction of such debt and costs. Hawley v. Bradford, 9 Paige, 200; Bell v. New York, 10 Paige, 49.
III. If a husband, with whom his wife joins in a mortgage of his realty, wherein she had inchoate right of dower, dies after judicial sale under a decree of foreclosure thereon against them, she is dowable of the surplus to the extent that her right can be equitably discharged from the portion thereof which shall not, previous to its assertion by her, have passed by final decree from the control of the chancellor.
The dicta of Chancellor Kent in Titus v. Neilson, and of Hitchcock, Justice, in Taylor v. Fowler, are relied on by counsel resisting this doctrine, as authorities to the effect *516 that a judicial sale, in such case, during the life of the husband, ipso facto works an extinguishment of the wife’s inchoate right to be endowed of the surplus, or any part thereof.
The meaning which this interpretation attributes to the language of those dicta could not have been intended. They were utterances by way of comment and illustration, not authoritative-expositions of points involved. The term sale was, undoubtedly, employed thez-ein, in its comprehensive and popular sense, to signify a concluded proceeding, instituted for the purpose of, and the chief consequence of which was, a judicial sale. The term, which strictly interpreted signified a part, was employed izi a sense comprehending the entire proceeding, when closed up by final decree. A judicial foreclosure thus finally concluded by sale and distribution,-during the husband’s life, without objection interposed, or protection asked by the wife, under a decree to which she is a party, doubtless works a complete bar of her right.
The proceediizg in the case before us had not been terminated-by final distribution, when the inchoate right of Mrs. Hinton became absolute by the death of her husband. A moiety of the surplus is subject to the chancellor’s control. The proceeding is one of purely equitable cogziizazice. Her right, springing into full vitality and absoluteness, while the subject-matter of it remained so subject, attaches to, and must be enforced against it, as a paramount equity which, in the forum of conscience, cannot be ignored or repelled.
That Mrs. Hinton would have been dowable, if her right had become absolute after decree and before the sale, is not seriously controverted. But no sound reason exists for giving to the fact of sale an effect which could not result from the fact of the decree before sale. Her equity is as strong at one time as at the other. The subject-matter of the equity is as completely within the power of the chancellor after sale as before. The rights of others cannot suffer greater prejudice by respecting it in the one contingency than in the other. As to the $4,221.20, part of said surplus, now in the sheriff’s hands, Mrs. Hinton is not concluded.
*517 IV. Can Powers and Williams be called on to refund ? The entire portion of the surplus to which they severally asserted claim had been distributed to'them bjr final decree, in the life of Otho Hinton, without demur or objection by Mrs. Hinton. Whether a demand by her during coverture, for the protection of her inchoate right to be equitably endowed, would have availed her, we are not now required to consider. The courts of New York in Denton v. Nanny, 8 Barb. 618, and Matthews v. Duryea, 45 Barb. 69, have gone to this extent. Mr. Scribner, in his work on Dower, (1 vol. 480, § 30,) recognizes the justice of the doctrine, but doubts the power of chancery in the exercise of its ordinary j urisdiction to enforce it. But this question is not now involved. A final decree of a competent court concludes the parties. Powers and Williams are entrenched behind such decree. The portion of the surplus distributed to them, has passed irrevocably from the chancellor’s control. Eor this reason, not by the fact of sale, is he rendered powerless. As to them the prayer of the cross-petition must be denied.
It would be inequitable to endow Mrs. Hinton as of the entire surplus out of Collins’ moiety remaining subject to decree. If there had been but a single claimant of the surplus, or if rateable proportions of the interests of several claimants were reserved, it might be otherwise. But the interests of Collins, Powers and Williams being distinct, Mrs. Hinton will not be endowed of the moiety decreed to the latter two at the expense and to the prejudice of the former.
A decree endowing her of the $4,221.20, now in the hands of the sheriff of Delaware county, will be entered, but without interest, unless interest has accumulated thereon ; and the cause will be remanded.
Welch C. J., and White, Day and McIlvaine, JJm concurred.