JAMES McFILLIN

*v.*

EDMUND HOFFMAN et üx. et al.

To secure her husband's debt, a married woman included a tract of her own land in a mortgage given by them, which also covered a tract belonging to him. Before it became due, the mortgagee, at the husband's request, and without consideration or the wife's knowledge, released part of his land, and afterward assigned the mortgage to complainant. Under a subsequent judgment and execution against the husband, all of the land embraced in the mortgage was sold to S.—*Held,* on foreclosure and cross-bill filed by the wife, that she was entitled to have the sheriff's deed reformed by striking therefrom the description of her land, and that, on the ground that the mortgagee knew, when the mortgage was given, that she was merely a surety for her husband's debt, she was entitled to an exoneration of her property from the lien of the mortgage to the extent of the value of the property so released, and that the mortgage debt must, as between her and S, be considered, as to that extent, paid.

----

Bill to foreclose. On rehearing granted upon petition of defendant Smith.

*Mr. A. Hugg,* for defendant Smith.

*Mr. R. S. Jenkins,* for Mrs. Hoffman.

THE CHANCELLOR.

This suit was brought to foreclose a mortgage given by Edmund Hoffman and his wife to the Camden Mutual Insurance Company upon land in Gloucester City, part of which was owned by Hoffman and the rest by his wife in her own right, as her separate estate. Before the principal of the mortgage became due, the company released, at Hoffman's request, without consideration, and merely for his accommodation, and without his wife's knowledge or consent, part of his land. The company subsequently assigned the mortgage to the complainant. Under an execution at law against Hoffman, the whole property (Hoffman's and his wife's) was sold to Smith. Mrs. Hoffman filed a cross-bill in the suit, to reform the sheriff's deed to Smith, by striking therefrom the description of her land, and to obtain an exoneration of that property from the mortgage. By the final decree (see *McFillin* v. *Hoffman, 8 Stew. Eq. 364),* it was ordered that the unreleased part of the land, which, at the date of the mortgage, was owned by Hoffman, should alone be sold to pay the mortgage. Smith, by his petition for a rehearing, seeks a reconsideration of the decree, upon the ground that it is erroneous because it discharged the land of Mrs. Hoffman from liability. It is admitted that that land was her separate property, and that it was mortgaged to secure her husband's debt. The answer of the complainant and Smith to the cross-bill contains the following admission : that the mortgagee, well knowing that the property which Mrs. Hoffman claims to be hers, was in fact hers, and that she was seized thereof in her own right, in fee simple, as her separate property, agreed with her husband to loan him $2,000, provided he would get her to join with him in the bond, and would get her to further secure the money by including that land in the mortgage. It is proved that Hoffman agreed to this, and that the loan was made and the bond and mortgage given accordingly. The company therefore knew that Mrs. Hoffman mortgaged her separate estate to secure the payment of her husband's debt. As before stated, the release was given without

10

consideration and without her knowledge or consent. The company knew that she held the relation of a surety for her husband in the matter. A wife who joins with her husband in a mortgage of her own property to secure his debt or the payment of money loaned to him, is the surety merely of her husband and is entitled to all the rights and privileges of a surety. *Hanford* v. *Bockee*, 5 C. E. Gr. 101; *Vartie* v. *Underwood*, 18 Barb. 561; *Neimcewicz* v. *Gahn*, 3 Paige 614; S. C., 11 Wend. 312; *Hawley* v. *Bradford*, 9 Paige 200; *Clancy Mar. Wom.* 589. To the extent of the value of the property released the debt must, in this case, as between the creditor and the surety, be held to be paid. There is no error in the decree under consideration.