Bradbury, J.
The husband of plaintiff in error is still living, and, therefore, when his lands were sold by the sheriff and the proceeds thereof distributed by the order of the court of common pleas, she had only a contingent right of dower therein. This right, the court found, was sold and passed to the purchaser at the sheriff’s sale. To this finding she took no exception, being apparently satisfied to have her rights determined by the order of distribution.
The proceeds of the sale were $17,600, of which $13,663.37 were consumed in paying the taxes, costs and mortgage liens, about which no contention arose ; there then remained a balance of $3,930.63 to be distributed to the wife and the two judgment creditors. Of this sum she claimed $500.00, in lieu of a homestead; on this claim the court found in her favor, and the amount was paid to her. The defendant, Mc-Clave, excepted to this finding and order of the court, but did not, so far as the record discloses, bring the question to the attention of the circuit court, nor has he presented the matter to this court for review. He will, therefore, be regarded as acquiescing in the action of the court below respecting it, and the question will not be further noticed here.
The only ruling of the courts below that we are asked to review, is that which limited the right of the wife to dowel in the proceeds of the equity of redemption. As the fund is large enough to pay in full Lowe’s claim, notwithstanding the wife’s claim may be allowed to its full extent, it follows that he is not interested in the question,.; but as the claim of the wife, to the extent it may be allowed, will be paid out of funds that would, otherwise, be distributed to McClave, the contention is confined to them.
McClave concedes that the wife is entitled to be endowed of the proceeds of the equity of redemption, while she claims the right to be endowed of the entire proceeds of the land, to be paid, however, out of the proceeds of the equity of redemption. *410 He contends that her release of dower to the mortgagees inures to his benefit; that it was an absolute release of that right in the premises to the extent of the mortgage debt, and that in satisfying the mortgage debts out of the proceeds, her interest in so much of the fund as was required for that' purpose, should be applied equally with that of her husband.
Her contention, upon the other hand, is, that her contingent interest in the whole premises was pledged, together with the whole interest of the husband therein for the payment of his debt; that the debt being his, it was primarily chargeable upon his interest, and that his entire interest in the thing pledged should be applied to pay the debt before resorting to her interest therein.
This precise question is new in this state, and we are to solve it by applying to the facts, such settled legal and equitable principles as in their nature are applicable and pertinent thereto.
If the contingent right of a wife to dower in her husband’s real estate is recognized by the laws of the state as property, and if her release of it by joining with her husband in a mortgage to secure his debt, is not a technical bar, but, instead, only inures to the benefit of the mortgagee and his privies, we perceive no principle of law or public policy that should pre7 vent a court of equity from applying, in favor of the wife, the equitable rule, that the property of the debtor shall be first applied to the satisfaction of his debt before resorting to that of the surety. And the creditors of the husband have no standing in a court of equity, to prevent the application of this equitable rule; they have no claim that property, which as between husband and wife belongs to the wife, shall be taken, without her consent, and applied to pay their debts against the husband. The first question, therefore, to be determined, is whether, in this state, the contingent right of a wife to dower in her husband’s real estate, is property, having a substantial and ascertainable value.
To reconcile all the cases, even in Ohio, on the subject of the nature of the wife’s contingent right of dower, or respecting the effect of her release of it by joining with her husband *411 in a conveyance of the real estate to which it attaches, would be impossible. In the cases upon the subject in this, or in other states, or in England, almost every shade of opinion can be found. Nowhere is this wide divergence of judicial opinion more clearly set forth than in the dissenting opinion of Judge Johnson, in Black v. Kuhlman, 30 Ohio St. 196, where that able judge reviews the cases in support of the older and more technical rules on the subject. The court, however, took the more liberal, and, as we think, the more reasonable view of the question. And there seems to be clearly discernible in the Ohio cases, a growing tendency to disregard the older and more technical rules of the earlier cases ; and this is especially true of the later cases in this state.
It is an incontestable fact that, in the estimation of the business world, the contingent right of the wife, during the husband’s life, to dower in his real estate, at his death, has a positive and substantial value, and no acuteness of artificial reasoning, founded on technical rules of law, can persuade a prospective purchaser to the contrary.
This practical view of the matter has been adopted by the later Ohio eases. Ketchum v. Shaw, 28 Ohio St. 503 ; Black v. Kuhlman, 30 Ohio St. 196; Unger v. Leiter, 32 Ohio St. 210; Kling v. Ballentine, 40 Ohio St. 391.
In Black v. Kuhlman, supra, the court held, not only that her contingent right of dower was valuable, but that, during her husband’s life, its value could be ascertained with reasonable certainty under tables of mortality, “ based on wide and long observations.” And furthermore, that its value should be thus ascertained, as against mortgagees in whose mortgages she had not joined, and paid to a subsequent mortgagee to whom, by joining with her husband, she had subsequently re-: leased it.
In Unger v. Leiter, supra, the court found the contingent right of the wife to dower to be valuable, and that value capable of ascertainment “ by reference to tables of recognized authority ■on that subject, in connection with the state of health and constitutional vigor of the wife and her husband.” In addition to these cases we have statutory recognition of the pro *412 perty of the wife in her contingent right of dower in the real estate of her husband during his life. Ohio Laws, vol. 82, page 14. This statute directs the probate court to ascertain the value of the wife’s contingent dower in the real estate of an insolvent debtor, and directs the same to be paid to her. Thus, we have- the legislature as well as the courts of the state, recognizing this right as tangible property, capable of being ascertained, and in a proper case given to her or to her releasee.
What, then, is the effect of her release of this right by joining with her husband in a mortgage to secure his debt ? Loos it inure to the benefit of other persons who are strangers to the deed, or is its operation restricted to the grantee and his privies? This latter view we think the more reasonable; it accords more nearly with the probable intention of the parties to the instrument; there is no ground to asser’t that the mortgagee was contracting for the benefit of any one but himself ; there is nothing in the nature of the transaction from which it can be inferred that a wife, by joining with her husband in a mortgage of his lands to secure his debt, intends more than to pledge her. contingent right of dower for that particular debt; nor is there, in the terms of the instrument itself, any language importing such intent. If, therefore, the instrument has any such effect, it is the result of some technical rule of law giving to the deed of the parties in this respect an operation never, so far as can be gathered from the words of the parties, within their contemplation. Whatever the state of the law may be elsewhere, we think no such technical rule now prevails in Ohio; some of the earlier cases seem lo give it support, but the tendency of the later cases is to limit the operation of the release to the mortgagee and his privies.
In Ketchum v. Shaw, 28 Ohio St. 503, a case involving the right of a wife to dower, we find this language used by Judge Wright (506) : “ She joined in the conveyance of the land, releasing her dower, not absolutely, but only so far forth as it was necessary to pay the mortgage debt. That done, everything else remains to her.”
*413 In Kitzmiller v. Van Renselaer, 10 Ohio St. 63, it appeared, that after the recovery of a judgment against the husband, he sold his real estate to a third person, the wife joining in the deed by a release of dower. Afterwards the land was sold under an execution issued on the judgment, whereupon the purchaser ejected the grantee under the deed of the husband and wife. The husband then died, and the wife brought suit for dower against the purchaser at the judicial sale. He sought to defeat her claim for dower by setting up her release to the grantee of the husband; but the court held that the release did not inure to his benefit. On page 64, this language is found : “ He can not make the release available to him as a grant, for he was not a party to the grant; nor is he in privity with the grantees. The release can .not operate in behalf of the defendant below, by way of estoppel; for, “a stranger can not be bound by, nor take advantage of, an estoppel.” Here the wife had released her right of dower to the grantee of her husband, absolutely; no right of redemption reserved as in a mortgage, yet the court hold that the release is wholly inoperative except in favor of the grantee. Cases can bo found in Ohio, that conflict with this view; but this irreconcilable conflict leaves us to adopt that view which accords most nearly with that presumed intention of the parties, which arises from the nature of the transaction, and a rational construction of the language they have used.
It being established that the contingent right of the wife to dower in her husband’s real estate is property, the value of which can be ascertained by the aid of fixed principles, and that her release of it .by joining with her husband in a mortgage, to secure his debt, does not, by reason of any technical rule of law, inure to the benefit of a stranger to the instrument, either by way of grant or estoppel, it remains for the court to determine to what extent equity will protect this right, after the real estate has been converted into money and the fund is before the court for distribution. The undoubted rule is, that, so long as the real estate remains in the husband or his grantee, equity will not interfere in her favor during the life of the husband, but that she must await her husband’s *414 death, when her inchoate right will become consummate. When, however, the estate has been sold .at a judicial sale, free from her contingent right of dower, whatever right she may have, is in the proceeds of the sale, and must be enforced, if at all, by a distribution of the fund.
If the plaintiff in error had been seized of a separate estate, and it'had been pledged, together with the husband’s property, for the payment of his debt, there can be no doubt that his property would be primarily liable for its payment. As between each other he would be the principal and she his surety. We think the same principle should be applied to her contingent right of dower. It is property; its value can be ascertained. More than this, it is a favorite of the law. (See authorities collected in American & English Encyclopedia of Law, Vol. 5, page 885, note.) It is a provision for her support, and when she pledges it for her husband’s debt, by joining in a mortgage with him, the most obvious principles of natural justice l’equire that this benevolent provision of the law should not be touched until the husband’s interest has been first exhausted. She is a purchaser. The inception of her right was earlier than that of the creditors; it began with the marriage and seizin of the husband; theirs began when the debt was contracted, but only became a lien from the recovery of the judgment against the husband. This favorite of the law is entitled to protection equal to that accorded to her other property.
We are aware that this question has been decided differently in many of the states, but by courts holding views of the nature of contingent dower, and of the effect of the wife’s release thereof, widely different from those adopted in this state in relation thereto, and the decisions are, therefore, of little or no weight here. ‘ One Ohio case, Bank v. Hinton et al., 12 Ohio St. 509, is not in harmony with our view, but the able judge who wrote the opinion in that case, rested the decision respecting this point upon the authority of two New York cases: Hawley v. Bradford, 9 Paige, 200, and Bell v. New York, 10 Paige 49, and entered upon no discussion of the principles necessarily involved therein.
*415 The conclusions reached by the court in these two cases in Paige, were legitimately drawn from the doctrine which obtains in New York respecting the nature of the contingent right of the wife to dower, and the effect of a release of it by her, by joining with her husband in deed or mortgage; but they by-no means follow from the rules laid down in’ Ohio cases on the same subject, and therefore those cases cannot be regarded as of sufficient authority to prevent our deducing from the Ohio cases such results as legitimately follow from them.
Whether Bank v. Hinton, supra, resting as it does upon those cases in Paige, has become a rule of property in this state; which we would deem ourselves bound to follow in cases coming within its exact terms, we need not stop now to enquire.
The more recent case of Kling v. Ballentine, supra, is in accord with our decision here. In that case the contest was between the widow and certain devisees, who were daughters of the husband. The widow had, during her husband’s life, joined with him in a mortgage of his land to secure his debt, and the court held that, as against the husband’s devisees, who were his daughters, the widow was entitled to dower in the whole of the lands, to be paid out of the surplus after the mortgage debt had been paid, thus exhausting the husband’s interest before resorting to the wife’s dower. In that case the devisees were entitled to all the interest of the husband, their devisor, as in the case at bar the judgment creditors were entitled to all the interest of their debtor in the fund; and the principles that underlie and justify the holding of the court in that case, are the same which we apply to the case before us; they are, that the contingent interest of the wife to dower in her husband’s real estate is valuable, and that her release of it by joining with him in a mortgage to secure his debt, is not a technical bar, and inures only to the mortgagee and those claiming under him.

It follows, therefore, that the judgment of the circuit court and that of the court of common pleas should he modified so as to give the plaintiff in error the value of her contingent right of dower in the entire fund.