## DOWER.

2 Dec.
87

[ Circuit Court, Cuyahoga County, January Term, 1893.]

THE SOCIETY FOR SAVINGS V. FRANK B. DRAKE ET AL.

DOWER OF WIDOW—PROCEEDS IN FORECLOSURE.

A widow, who, during coverture, joined her husband in a mortgage of realty to secure a debt of the husband, is dowable in equity of the entire proceeds arising from a judicial sale, under a decree of foreclosure thereon, the proceeds remaining being sufficient to satisfy the mortgage.

HALE, J.

This case is submitted upon the pleadings and an agreed statement of facts. The issues in the case, except one, have been determined and finally disposed of. The mortgage which the plaintiff held has been foreclosed, the premises sold, the mortgagee paid, and the remainder of the money is now in court in the hands of the clerk.

The issue that is not determined arises upon the application of the widow of Abner Drake, deceased, for the assignment of dower in the entire proceeds arising from the sale of the premises sold under the decree of foreclosure. The contention is between the widow and the sons and heirs at law of the decedent. The sons claim that the widow is endowable in the surplus only after the payment of the mortgage, they having a conveyance from their father made prior to his death. We find that Abner Drake at the time that the mortgage was executed was the owner in fee of the real estate concerning which this contention arises; that a mortgage signed by the husband and wife was given to the plaintiff to secure a debt of the husband; that after the execution of the mortgage, to wit, July 23d, 1891, the husband, by deed in which the wife did not join, conveyed the premises to his sons, the defendants herein. The conveyance was without consideration, except as stated in the answer that the mother of these boys, prior to her death, owned these premises; that after her death the boys conveyed by deed to their father long before this mortgage was executed. The suit for foreclosure was commenced and went to a decree after the death of Drake. The conveyance to the boys was made July 23d, 1891, and Drake died in November, 1891.

There is some conflict in the authorities as to the law applicable to this state of facts. If the wife had pledged her separate property to secure her husband's debt, in addition to the security given by the husband, it would not be claimed that her property should be sold before all the property of the husband was exhausted. In such a case the husband would be the principal and the wife the surety and entitled to all the rights and benefits as such. It was long ago said by Chancellor Walworth, " It is the settled law that when the wife pledges her separate estate, or her reversionary interest in real estate, for the debt of her husband, she is entitled to the ordinary rights of a surety." This language has been many times approved by our own Supreme Court, and we see no good reason, on principle, for distinguishing the two cases, the one where the wife has pledged her separate estate, which she held entirely separate from her husband, to secure his debt, and the other where she has pledged her property by way of right of dower in his property.

It is the settled law of this state that the contingent right of the wife, during her husband's life, to be endowed with his real estate at his death, is property having a substantial value. That is recited in a case reported in 46 O. S., 407. If that be so, we see no reason on principle, for making a distinction between that and any other case where she has pledged property to secure the debt of the husband; and if this case was to be determined in point of authority we would, without hesitation, hold the widow to be rightfully dowable of the entire pro—

ceeds of this sale. The proceeds of the sale were more than sufficient to pay the mortgage and give the widow the value of her dower interest in the entire proceeds of the sale and still leave a balance to the sons. Nor are the rights of the wife, in our judgment, at all affected by the fact that the husband, just prior to his death, conveyed these premises, as we find, without consideration.

As we have said, the cases in this state are not in entire harmony upon the exact question here involved. Three cases have been determined by the Supreme Court which bear more or less upon this question. The first is the case of *The Bank* v. *Hinton*, 21 O. S., 509. Counsel representing the sons rely upon this case and insist that it is exactly the case we have here. In that case Hinton, being the owner of property in 1845, executed, with his wife, a mortgage upon the premises he then held, and in 1847 he conveyed the premises to the grantee for a full consideration. In 1860 the mortgage was foreclosed and the premises sold prior to his death. He died in 1865, the money however, being in court and not being distributed. The wife then made application to be endowed in the proceeds arising from the sale of the premises, and the only question which was argued by the counsel in that case was whether the wife was entitled to dower at all, but which was not very much considered by the court. The court held, first, that the wife was entitled to dower in the surplus only, after paying off the mortgage in which she had joined.

The next case is that of *Kling* v. *Ballentine*, 40 O. S., 391. In that case Ballentine died the owner of certain premises upon which he and his wife had executed a mortgage. The administrator made application to sell the property mortgaged to pay debts generally. The premises were ordered sold, the mortgage first paid out of the proceeds of the sale and the balance distributed. The contest was between the heirs at law of Ballentine and his widow. The court held in that case that the widow was entitled to be endowed of the entire proceeds of the premises, they being sufficient to pay off the mortgage and give her the value of her dower estate in the whole premises.

The next case is the case of *Mandel* v. *McClave*, 46 O. S., 407. In that case Mandel, being the owner of premises, had executed two mortgages to secure a debt of his own, his wife joining in the mortgages. After the mortgages were executed Mandel became indebted to McClave and others who put their claims in judgment, becoming liens upon the real estate mortgaged. One of the judgment creditors brought an action to marshal the liens and obtain a sale of the premises to pay the various liens. The husband was still living. Two questions were there raised: First, whether this contingent right of dower of the wife was property of a nature the value of which could be fixed and the wife protected in it; and, second, if it could, upon what basis it should be done. The court held that in this state the value of the contingent right of dower of the wife was capable of being reasonably fixed, and ascertained, and the wife thereby protected; and having so held the question was, shall she be endowed of the surplus after paying the mortgages, or in the whole value of the property, she asking that her dower be ascertained in money and given to her. In discussing that question the court very pointedly criticised the case reported in 21 O. S., and they say: "One Ohio case is not in harmony with our view, but the able judge who wrote the opinion in that case, rested the decision respecting this point upon the authority of two New York cases: *Hawley* v. *Bradford*, 9 Paige, 200, and *Bell* v. *New York*, 10 Paige, 49, and entered upon no discussion of the principles necessarily involved therein. The conclusions reached by the court in these two cases in Paige, were legitimately drawn from the doctrine which obtains in New York respecting the nature of the contingent right of the wife to dower, and the effect of a release of it by her, by joining with her husband in a deed or mortgage; but they by no means follow from the rules laid down in Ohio cases on the same subject, and therefore those cases cannot be regarded as of sufficient authority to prevent our deducting from the Ohio cases such results as legitimately follow from them."

Railway Co. v. John Roos, Admr. of Phillip Koch.

" Whether *Bank* v. *Hinton*, above, resting as it does upon those cases in Paige, has become a rule of property in this state, which we would deem ourselves bound to follow in cases coming within its exact terms, we need not stop now to enquire."

It seems to us this is a plain declaration of the Supreme Court, as late as 46 O. S., in condemnation of the doctrine of the case in 21 O. S., although they do not in terms overrule it.

In the case before us the foreclosure took place after the death of Drake. At the time the proceedings in foreclosure were commenced the dower had become fixed. In the case in 21 O. S., the foreclosure took place before the death of Hinton. There is that difference between the two cases, and we cannot see that the case that we have is exactly the case in 21 O. S. And coming within the rule specified by the Supreme Court in 46 O. S. we are inclined to hold, in accordance with the reasons given in that case, that the wife is entitled to dower in the entire proceeds arising from the sale of this property, there being more than sufficient to pay off the mortgage and to pay her the value of that dower interest.

*Williamson & Cushing*, Attorneys for Society for Savings.

*Norton & Pinney*, Attorneys for F. B. & G. W. Drake.

*Abner Slutz*, Attorney for Mary Drake.