## STATE v. MELLETTE.

A husband gave a note, signed by his wife as surety, to a payee who was the state treasurer. The wife to secure it mortgaged her separate property. The husband was a surety on the payee's bond as state treasurer, who became a defaulter and assigned the note to the state, and it obtained a judgment on his bond. The husband, with the consent of the wife, transferred to the state his property, under an agreement that the wife's property should be preserved for her. The property transferred was sufficient to satisfy the note. The state, without the husband's acquiescence, applied it on the judgment. **Held,** that the note was paid and the wife's property released under Rev. Civ. Code, § 2006, providing that a surety is entitled to have the property of the principal first applied to the discharge of the obligation.

Where property was conveyed to the state under an agreement with the Attorney General representing the state, that, on the transfer thereof, the wife of the grantor should be releasd from liability on a note which she signed as surety, and the property transferred satisfied the note, the state could not retain the property and still retain its claim against the wife.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Codington County. Hon. George H. Marquis, Judge.

Action by the state against Margaret W. Mellette. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*S. W. Clark, Atty. Gen. (Hall, Lawrence & Roddle, of counsel),* for the State.

The fact that there is a surety for one of the debts does not preclude the creditor from applying a payment so received to the debt for which he has no security. Harding v. Tifft, 75 N. Y. 461; Allen v. Culver, 3 Den. 285; Stone v. Seymour, 15 Wend. 20; Alexander v. U. S., 6 C. C. A. 602. Creditors may apply payments on unsecured debts in order to hold sureties on others. 2 Ency. L. 440. An aplication of payment by the creditor may be to the prejudice of the surety, and he may apply a payment first to an amount against the individual drawer, and then to a bill or note of the drawer's earlier firm made with a surety. 3 Randolph on Commercial Paper, § 1503. The provisions of statute concerning these rights of a surety are not self-acting, but must be promptly acted upon and enforced by the surety in due time, otherwise they will be waived. Kennedy v. Falde, 4 Dak. 319, 29 N. W. 667; Bingham v. Mears, 61 N. W. 808; Gresard v. Hanson, 6 S. W. 906.

*Case & Shurtleff,* for respondent.

Whenever the property of a surety is hypothecated with the property of a principal, the surety is entitled to have the property of the principal first applied to the discharge of the obligation. Under this statute, the surety is not obligated to demand the application of the principal's property, but that under the statute, the surety is entitled to have that done. Section 200 of the Revised Civil Code. The wife is entitled to the ordinary rights and privileges of a surety where she mortgages her separate estate for the debts of her husband. Siebert v. Quesnal, 67 N. W. 803; Wolf v. Banning, 3 N. W. 202; Agnew v. Meritt, 10 Minn. 308. The principal is entitled to order the property of the principal first sold and applied to the satisfaction of the debt. Keel v. Levy, 24 Pac. 253; Pierce v. Atwood, 89 N. W. 669. Where the property of a married woman is mortgaged to secure debt of the husband she occupies the position of surety. Bank of Albia v. Burns, 46 N. Y. 170; Weil v. Thomas, 19 S. E. 103; Hawley v. Bradford, 9 Paige Ch. 390; Hollis v. Francois, 51 S. W. 760; Dibble v. Richardson, 63 N. E. 829; Brandt on Surety & Guaranty, page 224; Williard v. Eastham, 81 Mass. 328; Yale v. Dedderer, 22 N. Y. 450; Savage v. Winchester, 81 Mass. 456; Heburn v. Warner, 112 Mass.

271; Grow v. Garlock, 97 N. Y. 82; D. L. & W. R. Co. v. Oxford Iron Co., 38 N. J. E. 151.

CORSON, J. This action was originally commenced as an action to determine adverse claims to certain lands in Codington county, to which the state claimed to be the owner, under and by virtue of a certain deed executed by A. C. Mellette and Margeret W. Mellette, his wife, to one W. W. Taylor, and by him conveyed to the state upon the theory that the absolute title was thereby conveyed to the state. The state recovering in the action, an appeal was taken to this court by the defendant, Margaret W. Mellette, and the judgment of the lower court was reversed, upon the ground that said deed from A. C. Mellette and wife to said Taylor was executed for and intended as a mortgage, and not as an absolute conveyance. The opinion is reported in 16 S. D. 297, 92 N. W. 395, and the facts are so fully stated therein that we do not deem it necessary to restate them in this opinion. Upon the going down of the remittitur, an amended complaint was filed setting out a promissory note for $15,200, executed by said A. C. Mellette and wife to the said Taylor, and by him transferred to the state, and the execution of a deed of the premises in controvrsy, embracing the private property of said Margeret W. Mellette, to secure the payment of said note and demanding a foreclosure of the deed as a mortgage. This amendment was made to the complainant more than six years after the note became due, and it is contended on the part of the defendant that the note was barred by the statute of limitations, and that being so the deed could not be foreclosed as a mortgage; that being barred also. It is further claimed by the respondent that property of greater value than the amount of the note was turned over to the state by A. C. Mellette and applied upon a judgment recovered by the state against said W. W. Taylor, as principal, and A. C. Mellette, and others, who were sureties on his official bond as state treasurer, and therefore the note was in law paid and satisfied. The court in its findings and conclusions of law sustained the contentions of the respondent, and entered judgment in her favor, and the case is now before us on appeal by the state from this judgment and order denying a new trial.

The court after making full findings of fact, stated its conclu-

sions as follows: "(1) The transactions shown in the second, third, fourth, fifth, sixth, and ninth of said findings was one whereby the separate property of this defendant, as a surety was hypothecated with the separate property of her husband, he being the principal, to secure the payment of the note mentioned in said findings, and she, as such surety, was and is entitled to have such separate property of her husband, he being the principal, first applied to the payment of said note, and she is entitled in this action to have the credits given for said separate property of her husband on said judgment, as hereinbefore shown, applied on said note as far as such application is necessary to discharge said note, as well as on said judgment, said credits discharging said note entirely, and said judgment in part, and to have such credits, considered as so applied, and said note fully paid thereby. (2) So far as the note itself is concerned, this action is barred by the statute of limitations, and no personal judgment for a deficiency could be rendered herein, even if the plaintiff was entitled to maintain this action as against the land. (3) That the plaintiff is not entitled to any relief in this action. (4) The defendant is entitled to judgment in her favor quieting the title in her against the said Taylor, this plaintiff, and against all persons claiming or to claim by, through, or under said Taylor or this plaintiff, and canceling the deeds of the Mellettes to said Taylor, and the deeds of said Taylor to this plaintiff hereinbefore, in the foregoing findings, mentioned so far as they relate to this defendant's separate property, to wit, the property involved in this action, and for her costs herein."

The state seeks a reversal of the decision of the circuit court upon the following grounds: (1) That the application of the property turned over to the state by said A. C. Mellette in payment of the judgment entered by the state against W. W. Taylor, Mellette, and others, was a proper application of said property; and that the court therefore erred in holding that the $15,200 note was in law paid by the application of said A. C. Mellette's property on the said judgment by the state. The state also contends that the note was not barred by the statute of limitations, for he reason that the amendment to the complaint was a proper amendment, did not change its cause of action, and related to the commencement of

the original action.   (2) If the note itself was barred the deed given which constituted a mortgage, was not barred by the statute, and a foreclosure for the amount due upon the note would be proper, as the deed was a sealed instrument, and not barred until the expiration of 20 years from the date of its execution.   In the view we take of the case, it will not be necessary to discuss or determine the question presented by the learned counsel on the part of the defense as to the statute of limitations and as to the effect of the amendment made to the complaint in this action, as we are clearly of the opinion that the court was right in holding that in the application of all the property of A. C. Mellette in payment of the judgment in favor of the state and against Taylor, as principal, and himself and others, as sureties, constituted a payment of said note, and that the state cannot now proceed to enforce the collection of the note.

The court's findings as to the transfer of the note from Taylor to the state, and the payment of the same in effect by the transfer of the property of A. C. Mellette, are as follows: "(11) That after the commencement of the action mentioned in the seventh of these findings, but before the state became the holder of said note, said Arthur C. Mellette, acting for himself and wife, explained to the Attorney General of this state, acting for the state of South Dakota in said action, and representing the state therein as its attorney, the transactions hereinbefore mentioned, and expressed to said Attorney General his willingness to surrender and transfer, or cause to be transferred, all his own separate property to the state in satisfaction, or partial satisfaction, of his liability on said bond, and in said action, if he could thereby save and preserve to his wife her separate property transferred by said deeds of the said Arthur C. Mellette and wife to said Taylor hereinbefore in these findings mentioned, and the said Attorney General thereby had notice of the fact that said note had been given, and that said deeds were given for the purpose of securing the same, and that said Margeret W. Mellette had received no consideration for the making of the said note, but was a mere surety thereon, and that certain of said lands embraced in and covered by said deeds, being the same upon which the plaintiff seeks to foreclose its al-

leged lien in this action, was her separate property, and of all the facts stated in the second, third, fourth, fifth, sixth, and ninth of these findings, and it was thereupon stipulated and agreed by and between said Attorney General, representing and acting for the state, as aforesaid, and the said Arthur C. Mellette, acting for and representing himself and his said wife, as aforesaid, that the said separate property of the said wife should be saved and preserved to her, and that all of the said Arthur C. Mellette's separate property embraced in and covered by said deeds of the Mellettes to Taylor should be transferred to this state, and be applied to satisfy, in whole or in part, his said liability, provided the same could be done. That afterwards the said note came into the hands of the state, and the transfers from the said Taylor hereinbefore mentioned, occurred, and the said Arthur C. Mellette, acting for and representing himself and his said wife, did all in his power to carry out the agreement between the said Attorney General, acting for and representing said state, as aforesaid, and himself, acting for and representing himself and his said wife, as aforesaid, and pursuant to said agreement acquiesced and conesnted to the application of all his said separate property at an appraised valuation made for and satisfactory to the state, upon his said liability, and to carry out and effectuate said agreement made and caused his wife to join with him in the making of two certain deeds to one John L. Lockhardt, as trustee for this state of property of his, so that all of said Arthur C. Mellette's separate real property in this state became and was taken by this state, and applied upon the said Arthur C. Mellette's said liazility at valuations fixed by, and satisfactory to the state, and credit given therefor upon said judgment, said credits, for his separate property hypothecated with this defendant's to secure the payment of said note, amounting to a sum greater than said note with interest called for. (12) That the separate property of the said Arthur C. Mellette embraced in and covered by the deeds from the Mellettes to Taylor made on January 19, 1893, as aforesaid, and so taken by this state and applied upon said judgment, was reasonably worth, and of a cash value, and were appraised and credited upon said judgment, at a value greatly exceeding the

principal and interest of said note, and by said taking and application thereof the said Margeret W. Mellette was deprived of her right and privilege and of all opportunity to pay said note and cause the said separate property of the said Arthur C. Mellette to be applied in a proper action to reimburse her as surety. (13) That after the said note came into the hands of this state it, by its Attorney General, took the view that the state's coming into the possession of said note changed the situation as it existed at the time of said stipulation so materially that it was not bound thereby, and so notified the said Arthur C. Mellette; but he never acquiesced in said view, but dissented from it, and this state had notice of his dissention and of his intention to insist upon the performance of his said agreement when it so applied said separate property of the said Arthur C. Mellette, and made such application with the deliberate purpose of first applying all of said Arthur C. Mellette's said separate property on said judgment, so that none would remain to be applied by itself or the said Margeret W. Mellette upon the said note, and of then applying on said note all of the said separate property of the said Margaret W. Mellette, including the homestead of the Mellettes, which was in her name, hypothecated, as herein before appears, with the said Arthur C. Mellette's said separate property, to secure the payment of said note, and to effectuate that purpose brings and maintains this action. (14) That no credit was ever given to the said Taylor or any one on said judgment, or otherwise, by this state for said note; but that the same has, notwithstanding the fact that it was indorsed and delivered by the siad Taylor as security for the payment of the said indebtedness to this state, or to be applied thereon, been treated by this state as though it was an indebtedness additional to the indebtedness of the said Taylor and his sureties on the said bond, whereas in truth and in fact, had said note been paid after the same came into the hands of the state, the said payment would have been a part payment of the said indebtedness of the said Taylor and his sureties on said bond, and by the application of the said separate property of the said Arthur C. Mellette, hypothecated with the separate property of this plaintiff, to secure the payment of said note, upon said indebtedness, this state has received

far more than it would have received, had said note been paid. That all of the property upon which the plaintiff seeks to foreclose herein is and was the separate property of this defendant. (15) That, as a result of the acts and conduct of the plaintiff hereinbefore shown, the defendant has been deprived of any and all opportunity to satisfy the obligation of the principal debtor on said note, and then enforce the remedies which the plaintiff, as the holder of said note, had against said principal debtor, to the extent of reimbursing what she had expended; and of the benefit of the security of his lien upon said principal debtor's separate property hypothecated with hers, as hereinbefore appears, for the performance of said principal debtor's obligation to pay said note, and of her right, so far as this plaintiff could deprive her of such right, of having the property of the principal debtor on said note, with which her property was hypothecated, as hereinbefore appears, first sold and applied to the payment of said note."

Section 2006 of our Revised Civil Code provides that: "Whenever property of a surety is hypothecated with the property of the principal, the surety is entitled to have the property of the principal first applied to the discharge of the obligation." This section is a copy of section 1571 of the proposed Civil Code for the state of New York, and it appears from a note thereto by the commissioners that it was based upon the decision of the case of Vartie v. Underwood, 18 Barb. (N. Y.) 561, in which it was held that: "A wife who joins with her husband in a mortgage of her own property, to secure his debt, or the payment of money loaned to him, is the surety, merely, of the husband, and is entitled to all the rights and privileges of a surety." It will be observed that it appears from the findings that the state actually received a greater amount from A. C. Mellette than the amount specified in said note and it would be manifestly unjust and inequitable to hold the property of the respondent, after the transfer of all of his property by A. C. Mellette, with her consent, to the state, and its application upon the judgment recovered by the state against Taylor and others. As before stated, we are of the opinion that the court properly concluded from the facts found that the note was in effect paid and satisfied, and that the property of the respondent was thereby re-

leased from any lien on the property by the state as against her. Section 2006, as enacted by the Legislature, was in effect complied with, and the state has received the property of said A. C. Mellette in payment of said note as therein provided, and such seems to have been the view of the learned Attorney General at the time the arrangement was made for the trasfer by A. C. Mellette and wife of the property of A. C. Mellette to the state, as found by the court. Vartie v. Underwood, supra; Neimcewicz v. Gahn, 3 Paige (N. Y.) 614; Gahn v. Neimcewicz, 11 Wend. (N. Y. 312; Hawley v. Bradford, 9 Paige (N. Y.) 200, 37 Am. Dec. 390; Fitch v. Cotheal, 2 Sandf. Ch. (N. Y.) 29; Loomer v. Wheel-wright, 3 Sandf. Ch. (N. Y.) 135.

The contention of the learned counsel for the respondent that she waived all her rights, by consenting to the arrangement made by A. C. Mellette with the Attorney General for the transfer of his property to the state, is, in our opinion, untenable. The court finds, as we have seen, that the transfer of the property by A. C. Mellette to the state was made under an agreement with the Attorney General representing the state, that upon such transfer the property of his wife, Margeret W. Mellette, should be released from all further liability, and the state cannot, after entering into such an arrangement with the Attorney General, by which the state secured an amount in excess of the amount specified in the note, be permitted to retain the property so received, and still retain its claim against the property of the respondent.

The judgment of the circuit court and order denying a new trial are affirmed.