ALBERT N. HORNER *vs.* EDWARD J. CHAISTY, JR.

*After Payment of Mortgage of Leasehold Property, the Mortgagee is not Liable Under the Covenants of the Lease.*

When a mortgage of a leasehold interest in land has been paid and satisfied, the mortgagee ceases to be liable to the lessor under the covenant,

running with the land, to pay the rent reserved in the lease, notwithstanding the fact that a release of the mortgage, executed when it was paid, was not put upon record.

Appeal from the Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and JONES, JJ.

*Charles F. Harley*, for the appellant.

*William S. Bansemer* (with whom was *Lester L. Stevens* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On the 12th day of February, 1874, Edward J. Chaisty of Baltimore City leased for the term of ninety-nine years, renewable forever, to Mary E. R. Sheffield, two lots or parcels of land situated in Baltimore City. An annual rent of thirty-four dollars was reserved by the lease upon each of the two lots, payable thereafter in semi-annual installments on the 15th of February and the 15th of August in each and every year, during the continuance of the lease. The lessee also covenanted to pay all taxes and assessments levied and charged upon the two lots throughout the term of the demise.

Edward J. Chaisty, the lessor, upon his death devised the reversion in the two lots, with the rights under the lease, to his son, Edward J. Chaisty, Jr., the plaintiff below and the appellee here.

Mary E. R. Sheffield, the original lessee, died January, 1891, and by her last will and testament bequeathed the lots to her son Byron R. Sheffield, and he subsequently assigned them to one Jacob F. Cramer. Afterwards Cramer mortgaged the lots to one Charles B. Reed, and he assigned the same to Albert N. Horner, the appellant in this case. Cramer, on the 30th of March, 1900, assigned the equity of redemption in the lots, to one Robert C. Rhodes.

The rent and taxes upon this property being largely in ar-

rear, the appellee, the owner of the reversion, filed a bill in Circuit Court No. 2, of Baltimore City, on the 8th day of August, 1903, against the distributees of the original lessee, Albert N. Horner, the holder of the title by assignment of mortgage, and Robert C. Rhodes, the owner of the equity of redemption.

The object of the proceeding is to enforce the covenants of the lease as to payment of arrearages of rent, taxes, and also to recover all sums paid by the plaintiff for redeeming the property from tax sales, on the ground that the buildings have become untenantable and a distraint would be useless and nugatory.

The case was heard upon bill, answers and proofs, and from a decree against the defendants directing the payment of the sum of four hundred and ninety-two dollars and twenty-four cents, the defendant Horner, alone, has appealed.

There is no question made as to the correctness of the decree against the other defendants, so the sole question presented for our consideration comes to Horner's liability, as assignee of the leasehold interest under the mortgage.

It is contended on behalf of the appellant that the plaintiff cannot recover, because the mortgage held by him had been paid; and a release executed to the mortgagor, prior to the institution of these proceedings. While this is admitted, it is also conceded that the release was never recorded, the plaintiff had no knowledge of it, and no such release appears upon the land records of Baltimore City.

Upon this state of facts, we do not see upon what principle of law the appellee's contention can be maintained, or upon that ground the appellant can be held liable.

According to an agreement filed in the case, it is admitted that the mortgage which was assigned by Charles B. Reed to Albert N. Horner, on or about the 22nd day of September, 1898, and recorded among the land records of Baltimore City, was paid to Albert N. Horner towards the close of the year 1898, and that a release of the mortgage was duly executed, but that the release has never been recorded.

There can be no doubt as to the general principle that the covenant to pay rent in a lease not only binds the lessee personally throughout the term, but also runs with the land and binds an assignee of the term so long as he holds the legal estate.

But in this case it appears, and is conceded, that the mortgage which was assigned to the appellant was paid to him in 1898, and a release of the mortgage duly executed, but not recorded.

This was a satisfaction of the mortgage debt, and thereupon by the terms of the mortgage the legal estate reverted to, and became vested in, the mortgagor. The condition of the mortgage is, provided that if Jacob F. Cramer, executors, administrators or assigns shall well and truly pay or cause to be paid the principal sum ——, and all the installments of interest thereon when and as each of them shall be due and shall perform each and all of the covenants herein on their part to be performed then this mortgage shall be void.

In *Brown, Trustee,* v. *Stewart, Trustee,* 56 Md. 430, it was held, in such case, according to all the authorities, the land returns to the mortgagor, without any reconveyance or release, by the simple operation of the condition free and·clear of the mortgage. And according to our decisions, to which we have referred, substantially the same result follows, whether the payment or satisfaction be before or after the day of payment fixed by the mortgage. It is the full satisfaction that operates to extinguish the mortgage title.

In *Evans* v. *Bulman*, 91 Md. 88; *Brown* v. *Stewart, supra,* is cited with approval, and it is there said, that payment of a mortgage debt extinguishes the title of the mortgagee to the mortgaged property whether it be real or personal. The same thing is true of the title of the grantee of a bill of sale of personalty which although absolute on its face was given only as security for the payment of the debt. And in *Dentzell* v. *City and S. Ry. Company*, 90 Md. 446, it also is said, that it was held as early as *Paxons' Lessee* v. *Paul*, 3 H. & McH. 399, that a mortgagee could not maintain an action of ejectment after

the mortgage was paid, although no release had been executed, and equally applies to actions of replevin.

But it is urged upon the part of the appellee, and the Court below so held, that the appellant was liable because "he appears upon the land records of Baltimore City as the owner of the leasehold under the mortgage" and while the rule referred to applied "as between mortgagor and mortgagee and those claiming under them, it had no application, under our registry system, to third parties."

In other words, the legal title remained in the appellant, under the mortgage, and could not pass except by deed or release duly executed and recorded, and the assignee's liability here did not cease until this was done.

The present case does not require us to invoke the operation or application of the registry laws of the State as to a formal release of record. The mortgage was upon record, and the public had notice that it would be void upon payment of the debt secured thereby. The payment of the debt was a full satisfaction of the mortgage, and operated as an extinguishment of the legal title.

The cases of *Nickel* v. *Brown*, 75 Md. 172, and *Baltimore City* v. *Peat*, 93 Md. 696, cited by the appellee and relied upon in argument are distinguishable from this, and can in no way control the decision here.

For these reasons the decree of the Circuit Court No. 2, of Baltimore City, will be reversed and the cause remanded for a new decree in accordance with this opinion.

> *Decree reversed and cause remanded for a new decree, with costs to appellant.*

(Decided June 23rd, 1905.)